## Mulligan v. Commonwealth.

(Decided May 2, 1924.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Guilt of Unlawful Manufacture for Jury as Against Contention Testimony of Accomplice Not Corroborated.—In a prosecution for unlawful manufacture of intoxicating liquors, guilt held for the jury as against contention that testimony of accomplices was not corroborated, under Criminal Code of Practice, section 241.

2. Witnesses—Reputation of Witnesses as Bootleggers Incompetent. —The proper method of impeachment of witnesses is set out in Civil Code of Practice, section 597, and court properly refused to permit defendant to prove that witnesses for Commonwealth bore the reputation of being bootleggers.

SLACK, BIRKHEAD & SLACK for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

Appellant, Newman Mulligan, was indicted, tried and convicted of the offense of unlawfully manufacturing intoxicating liquor, his punishment being fixed at a fine of $250.00 and 75 days' confinement in the county jail. In his motion and grounds for a new trial, he assigned numerous alleged errors, only two of which, however, are seriously urged on this appeal.

His chief complaint is that the lower court erred in not sustaining his motion for a directed verdict of acquittal made at the conclusion of the Commonwealth's evidence and again at the completion of all the evidence; and it is urged that this was error because there was not sufficient competent evidence to sustain the conviction. Upon the trial in the court below, two witnesses, R. A. Stowers and Lee Settle, introduced by the Commonwealth, swore they had seen appellant manufacturing moonshine whiskey at the time and place set out in the indictment,

but it is argued that the record shows that both these witnesses were accomplices and their testimony was not corroborated by other evidence such as is required by section 241 of the Code, and that it was, therefore, incompetent. It is true the witness Settle admitted that he had assisted appellant in the operation of his still and in the manufacturing of whiskey; and it may be conceded for the purposes of this opinion that this witness was an accomplice. On the other hand, Stowers vigorously denied that he was in anywise interested in, or connected with, the ownership or operation of appellant's still, or that he had ever at any time assisted him in the manufacture of whiskey. Appellant did not testify in his own behalf, and the testimony of these two witnesses stands uncontradicted, and there is no direct proof that Stowers was in fact an accomplice. Even if he were, the other evidence introduced by the Commonwealth and furnished by three witnesses who are not alleged to have been accomplices, is sufficient in and of itself to warrant a submission of the case to the jury and to sustain a conviction. We are, therefore, of the opinion that the court did not err in overruling appellant's motion for a directed verdict. The court gave the usual instructions upon the subject of accomplices, and the jury was advised that a conviction could not be had upon the testimony of an accomplice or accomplices unless such testimony was corroborated by other evidence which showed not only that the offense was committed but also the circumstances thereof. With these instructions before them, the jury found the defendant guilty, and we are satisfied that the evidence fully warranted them in so doing. To offset the testimony of the two alleged accomplices, appellant undertook to prove that they bore the reputation of being bootleggers, and complaint is made of the action of the trial court in sustaining the Commonwealth's objection to the introduction of this evidence. Our attention has not been called to, nor do we know of any principle of law permitting the impeachment of a witness in any such manner. The proper method is fully set out in section 597 of the Code, and we fail to find therein any authority for the method attempted to be adopted in the case at bar. It is therein provided that a witness may be impeached by contradictory evidence, by showing that he has made statements different from his present testimony, or by evidence that his general reputation for untruthfulness or immorality

renders him unworthy of belief; but he cannot be impeached by evidence of particular acts except that it may be shown that he has been convicted of a felony. Evidence of a witness' reputation for bootlegging does not conform to any of the foregoing provisions and is wholly incompetent; and the court did not err in sustaining an objection thereto.

The defendant has had a fair trial; the evidence of his guilt was clear and convincing; and there appearing no material errors in the record, the judgment is affirmed.

Judgment affirmed.