## Walker v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Daviess Circuit Court.

1. Rape—Instruction Authorizing Punishment for Lesser Offense than that Shown Not Erroneous, When Following Indictment.—Where indictment merely charged carnal knowledge of female under eighteen years of age, and on trial evidence disclosed prosecuting witness was less than sixteen years of age, court did not err in charging in language of indictment, and only authorizing punishment prescribed for carnal knowledge of girl between 16 and 18 by Ky. Stats., section 1155, as amended by Acts 1922, c. 17, in view of Criminal Code of Practice, section 265.
2. Rape—Witnesses—That Prosecutrix in Statutory Rape Case had Communicable Disease was Not Competent to Show Character, or as Affecting Credibility.—In prosecution for statutory rape, under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, court did not err in denying testimony that blood test showed prosecuting witness, had communicable disease, but showed negative result as to defendant; chastity of prosecuting witness not being involved, and existence of disease not affecting credibility of prosecutrix.

3.    Witnesses—Inconsistent Statements, or Bad General Reputation
      for Truth and Veracity, Must be Shown, or Testimony Contradicted,
      to Impeach Witness.—If it is desired to impeach testimony of a
      witness, it must be done either by contradicting his evidence, show-
      ing he has made different or inconsistent statements, or that his
      general reputation for truth and veracity is bad.

T. F. BIRKHEAD for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant was indicted charged with the crime of
carnally knowing a female under the age of 18, not his
wife, by having sexual intercourse in November, 1923,
with Irene Isbell, a female under that age.

He was found guilty and his punishment fixed at
seven years' imprisonment, and from that judgment he
appeals.

The indictment was found under section 1155, Ky.
Stats., as amended by the act of 1922. Section 1155, sup-
plement to Carroll's 1922 Statutes, and chapter 17, p. 65,
Acts of 1922.

That amendatory act changes the age of consent
from 16 to 18 years, and then provides different penalties
for the commission of the crime against persons of dif-
ferent ages. When the child is under the age of twelve
the punishment is fixed at not less than 20 nor more than
50 years, or death, in the discretion of the jury; when the
child is between 12 and 16 by imprisonment for not less
than 5 nor more than 20 years; and when the child is be-
tween 16 and 18 by imprisonment for not less than 2 nor
more than than 10 years.

Although the indictment herein merely charges the
commission of the crime against a person under 18 years
of age, on the trial the evidence disclosed that the pros-
ecuting witness was in fact at the time of its commission
less than 16 years of age. Notwithstanding this evidence
the court instructed in the language of the indictment,
and only authorized a conviction of defendant for not less
than 2 nor more than 10 years.

Appellant's first ground for reversal is that this in-
struction was not only erroneous, but highly prejudicial,
the contention being that the instruction should have been
under that provision of the statute authorizing a greater

punishment for the commission of the crime against one between 12 and 16 years of age, although the punishment inflicted was between the maximum and minimum authorized by the statute whether the person was between 12 and 16 or between 16 and 18.

It is wholly unimportant to determine in this case whether the instruction, if it had been erroneous, would have been prejudicial, for it has been expressly held by this court in a recent case under this statute that where the indictment charges a lower degree of this offense than the evidence shows the defendant guilty of, yet the instruction must be given under the charge contained in the indictment.

In the case of Madden v. Commonwealth, 202 Ky. 782, the female defendant was charged under this statute with having sexual intercourse with a male child under the age of 18 years, and the evidence disclosed that the male victim was at the time under 16 years of age. The court's instruction authorized a conviction under subsection 2 of the act fixing the punishment for such crime committed against a child between the ages of 12 and 16 years instead of only authorizing under the charge in the indictment a conviction under subsection 3 fixing the penalty for the commission of the crime against a child between 16 and 18 years. That instruction was held not only to be erroneous but to be prejudicial, because the verdict was for five years' imprisonment, whereas the minimum under subsection 3 of the act was only two years.

The instruction in that case was erroneous because it ignored the charge in the indictment and instructed under the evidence, while the instruction in this case was proper because it followed the indictment although the evidence would have authorized the infliction of a higher penalty. Criminal Code, section 265.

It is also complained by appellant that the court erred to his prejudice in denying him the right to show by a physician that tests had been made of the blood of both defendant and the prosecuting witness, and that such tests showed the prosecuting witness to have a communicable disease, while it showed a negative result as to defendant. It is urged that this evidence was competent as bearing upon the general moral character of the prosecuting witness.

There was no effort made to impeach her general reputation for truth or veracity, but it was sought only

to show by the physician the fact that she had such communicable disease, so that the inference might be drawn therefrom that she was a person of such character as that the truth of her evidence might be called in question. Under the charge in such an indictment neither the chastity of the prosecuting witness nor her relationship with other men is involved. The single question is whether defendant had sexual intercourse with a person under the age fixed in the statute. Whether that person has theretofore or thereafter been guilty of a similar offense constitutes no reason why the defendant should not be punished, and the fact that such prosecuting witness had upon such previous occasions contracted a communicable disease, in the absence of special circumstances, does not affect her credibility as a witness.

If it is desired to impeach her testimony it must be done either by contradicting her evidence, showing she has made different or inconsistent statements, or that her general reputation for truth and veracity is bad. McCreary v. Com., 158 Ky. 612.

Judgment affirmed.