# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Render v. Commonwealth.

(Decided December 5, 1924.)

### Appeal from Ohio Circuit Court.

1. Criminal Law—Law Elects Act Concerning which Evidence is First Introduced, in Absence of Allegation or Formal Election as to Specific Act.—In prosecution for having carnal knowledge of a girl under 18 years of age, in which no specific date is alleged in indictment, and Commonwealth introduces evidence concerning numerous acts and makes no formal election as to which act it will rely on, the law elects the act concerning which evidence is first introduced.

2. Criminal Law—Instruction Requiring Jury to Find that Defendant Committed Act "On or About" Certain Date Held Not Objectionable.—In prosecution for having carnal knowledge of girl under 18 years of age, in violation of Ky. Stats., section 1155, as amended by Acts 1922, c. 17, in which there was evidence as to acts other than that on which prosecution relied, at different times and places, which court instructed jury could be considered only as corroborative of main act, instruction, requiring jury to find that the act took place "on or about" the date on which it was claimed that act relied on occurred, held not objectionable as permitting jury to convict for offense other than that relied on.

3. Indictment and Information—Rule as to Showing Date of Act Stated.—The date of an act is purely a matter of description, and it is sufficient, if the transaction be so identified that defendant can fairly know with what he is charged and so present his defense, and that the jury may reasonably know what it is considering, and that court can intelligently pass judgment.

4. Criminal Law—Expression "On or About" Does Not Allow Three or Four Months' Variation.—The expression "on or about," in instruction, does not mean a variation of three or four months.

5. Criminal Law—Instruction as to Date on which Act Must have been Committed Held Not Objectionable as Giving Undue Prominence to Evidence.—In prosecution for having carnal knowledge of girl under 18 years of age, in violation of Ky. Stats., section 1155, as amended by Acts 1922, c. 17, instruction, in response to jury's request for further instructions, that date "on or about" which previous instruction required act to have been committed, was for the purpose of identifying the occasion and place, when the act of intercourse was committed, held not objectionable as giving undue prominence to small portion of evidence.

6. Rape—Acts of Prosecutrix Under 18 with Other Men no Defense, and Evidence Inadmissible.—In prosecution for having carnal knowledge of a girl under 18 years of age, in violation of Ky. Stats., section 1155, as amended by Acts 1922, c. 17, evidence, tending to prove that prosecutrix had been guilty of indiscretions and possibly acts of intercourse with other men, held not admissible; such acts being no defense.

7. Witnesses—Rule as to Impeachment of Testimony of Prosecutrix Stated.—In prosecution for having carnal knowledge of a girl under 18 years of age, in violation of Ky. Stats., section 1155, as amended by Acts 1922, c. 17, testimony of prosecutrix could be impeached only by showing that she had made different or inconsistent statements, or that her general reputation for truth and veracity was bad, and not by evidence as to relations with other men.

8. Criminal Law—Admission of Testimony of Witnesses Who Had Sat in Court, Notwithstanding Separation of Other Witnesses, Discretionary with Court.—Admission of testimony of witnesses who had sat in court and heard all the testimony, though separation had been asked for at the beginning of the trial, and court had excluded all witnesses for each party, held discretionary with court.

9. Criminal Law—Permitting Character Witnesses to Testify After Hearing all Testimony, Notwithstanding Separation of Other Witnesses, Held Not Abuse of Discretion.—Action of court in permitting witnesses who had sat in court and heard all testimony to testify, though separation of witnesses had been asked for at beginning of trial, and court had excluded all witnesses for each party from courtroom, held not abuse of discretion, where such witnesses were only character witnesses.

10. Criminal Law—Complaint that Prosecutrix was Permitted to Hold Infant in Presence of Jury Not Considered on Appeal in Absence of Record Showing Facts Relative Thereto.—In prosecution for having carnal knowledge of girl under 18 years of age, in violation of Ky. Stats., section 1155, as amended by Acts 1922, c. 17, complaint that prosecutrix held infant in presence of jury, creating impression that she was the mother of the child, and that defend-

ant was the father, will not be considered on appeal, where record is silent on the point.

11. Rape—Evidence Held to Sustain Conviction for Having Carnal Knowledge of Girl Under 18 and Over 16 Years of Age.—In prosecution for having carnal knowledge of girl under 18 and over 16 years of age, in violation of Ky. Stats., section 1155, as amended by Acts 1922, c. 17, evidence held to sustain conviction.

HEAVRIN & HEAVRIN and RONE & HOWARD for appellant.

FRANK E. DAUGHERTY, Attorney General, CHAS. F. CREAL, Assistant Attorney General, GROVER H. CARY, Commonwealth Attorney, OTTO C. MARTIN, County Attorney, and BARNES & SMITH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was indicted and convicted for a violation of section 1155 of the Kentucky Statutes as amended by chapter 17 of the Acts of 1922, his punishment being fixed at two years in the penitentiary, the minimum for the offense of which he was charged. The errors relied upon by him to secure a reversal of that judgment may be grouped under four heads: (1) Error in instructions; (2) error in admission and exclusion of evidence; (3) misconduct of the Commonwealth's attorney; (4) nonsupport of the verdict by the evidence.

The indictment charges that "on the — day of —, 1923," and before its finding, the appellant, then over twenty-one years of age, had carnal knowledge of one Ida Marie Bennett with her consent, she then being under eighteen years of age but over sixteen. The evidence of both the Commonwealth and of the appellant showed that in the summer of 1923, the Commonwealth's witnesses fixing the date, though not with positive assurance, as June 30th, and the appellant's witnesses fixing it, with more certainty, as May 26th, the prosecutrix, Ida Marie Bennett, who had known and been going with the appellant for a long time prior thereto, with a girl companion met, on a public road near her father's house, the appellant and a male companion. The reason for thus meeting was because the family of the prosecutrix objected to her keeping company with appellant. The two girls and the two boys then rode in appellant's Ford down to Beaver Dam, Ohio county, where the girl friend of the prosecutrix and the male companion of the appellant

alighted and went into a picture show. It was then about eight o'clock in the evening. The prosecutrix and the appellant then drove out the Beaver Dam and Cromwell road some three or four miles and turned off into a by-road, where they remained until after the picture show had let out, a period of some two hours. On their return to Beaver Dam they found the couple which had gone to the picture show waiting for them, and the quartet then returned homewards. The girls alighted from appellant's machine before they reached the home of the prosecutrix, and finished their journey without their escorts in another machine. The above facts appear without dispute. The prosecutrix, however, further testified that while she and appellant were parked on the by-road as above set out, the act of intercourse complained of took place. The appellant denied this, and stated that at no time did he ever mistreat the prosecutrix, that at no time was he courting her, and that he only regarded her as one would a sister.

In addition to the act of intercourse thus claimed, the prosecutrix further testified that in the fall of 1922, in August of 1923, and at Thanksgiving of 1923, she and the appellant had also had illicit relations; but the court admonished the jury as each of these other occasions were detailed, that the testimony concerning them should be received by the jury, only for the purposes of corroborating the evidence of the main act of June 30, 1923, if the jury should regard it as corroborative and for no other purpose. Of this there is no complaint, nor could there be under the repeated decisions of this court. On the other hand, the appellant produced witnesses to show that although he had been in the company of the prosecutrix on those other occasions and at the places designated by her in her testimony, yet there were no opportunities for committing the acts claimed by her to have occurred in the fall of 1922, or in August, 1923, and possibly on Thanksgiving, 1923, although the appellant's evidence as to this last date is vague and unsatisfactory. A great many character witnesses both for and against the prosecutrix and for the appellant were introduced and testified.

With this evidence before it, the court instructed the jury that if it believed from the evidence "to the exclusion of a reasonable doubt that in Ohio county, Kentucky, on or about June 30, 1923, and before the finding

of this indictment, on or near the Beaver Dam and Cromwell public road," the appellant did the acts complained of, the jury should find him guilty. Complaint is made of this instruction because the court in fixing the time used the expression "on or about June 30, 1923." It is argued that where, as here, no specific date is alleged in the indictment on which it is claimed the act complained of occurred, and the Commonwealth introduces evidence concerning numerous acts, and itself makes no formal election as to which it will rely upon for a conviction, the law elects the act concerning which evidence is first introduced. In this, counsel is correct. McCreary v. Commonwealth, 163 Ky. 206. It is then argued that, in failing to confine the jury by this instruction to the consideration only of June 30, 1923, that being the date on which the prosecutrix testified the facts first herein detailed occurred, the court permitted the jury to convict appellant for any of the other acts concerning which she testified. In this, counsel is in error. No doubt the court was moved to instruct as he did, because the Commonwealth's witnesses were not absolutely positive concerning the date on which the facts first narrated herein occurred, whereas the appellant's witnesses, with more certainty, fixed it at a time about a month earlier than did the Commonwealth's witnesses. However, the jury could not have been and was not misled by the way the court fixed the time in the instruction. In the first place, the jury was strictly admonished by the court each time evidence was received concerning any act of intercourse other than the one first stated herein, that such evidence was purely corroborative and not substantive. In the second place, the date of an act is purely a matter of description and if the transaction be so identified that a defendant can fairly know with what he is charged and so present his defense, and that a jury can reasonably know what it is considering, and that a court can intelligently pass judgment, then that is all that should be or is required. The exact date then, in a case of this character, becomes immaterial. In this case, when the jury was told that the transaction it should consider, if any, occurred "on or about June 30th, and on or near the Beaver Dam and Cromwell public road," the court unerringly indicated to it and to any reasonable and sensible man that it should find the defendant guilty only if it believed the prosecutrix's version of what transpired

on the trip first mentioned herein. None of the other
acts of intercourse complained of occurred on the Beaver
Dam and Cromwell road. It is true that in connection
with the Thanksgiving act, the prosecutrix first said that
it occurred between here (meaning Hartford, the place
of trial), and Cromwell, but the next question propounded
to her was, "You mean between here and Beaver Dam?"
and the answer was "Yes." The main act complained
of occurred beyond Beaver Dam. Hence the location of
the two acts was neither similar nor at all likely to con-
fuse the jury. In the second place, to men of common
sense, as members of a jury are presumed to be, the ex-
pression "on or about" doesn't mean a variation of
three or four months. As said by Justice Van Devanter,
now one of the Supreme Court judges, but then a circuit
judge, in construing an indictment in the case of Rinker
v. United States, 151 Fed. 755, at 757, "The common
understanding of the words 'on or about,' when used in
connection with a definite point of time, is that they do
not put the time at large, but indicate that it is stated
with approximate accuracy." This court is of the opinion
that the jury could not have been misled by the first in-
struction; nor was it, by the wording of said instruction,
permitted to speculate or to convict the appellant for any
offense other than the one prosecutrix complained of as
having occurred as first narrated herein. That we are
correct in our opinion is further borne out by the fact
that after the jury had considered this case for some
little time, it returned to the court and asked for further
instructions, whereupon the court gave this instruction:
"The court instructs the jury that the date of June 30th
mentioned in the first instruction is for the purpose of
identifying the occasion and place, if it does, when the
act of intercourse was committed, if it was committed."
Appellant complains that this instruction was very
prejudicial to him and ought not to have been given be-
cause it tended to give undue prominence and emphasis
to a small portion of the evidence of only the prosecuting
witness. We are unable to follow counsel in this idea.
On the contrary, we believe that this instruction was very
favorable to the appellant in that its effect was to confine
the jury to a consideration for acquittal or conviction
of only the acts complained of as having occurred on June
30th, but concerning the exact date of which there was
some dispute in the evidence. The request of the jury

for an instruction on this point also indicates beyond a peradventure of a doubt that this was the only transaction it was considering. If the court did give any prominence by this instruction to any particular part of the evidence, it was only to emphasize the fact that this was the only occasion the jury should consider and that is precisely the matter to which the appellant urged in his criticism of the first instruction, the jury should have been confined. We therefore regard the first contention of the appellant as without merit.

Secondly, he complains of error in admission and exclusion of evidence. In this connection, his chief complaint is that he was not permitted to introduce evidence by the cross-examination of the prosecutrix and by the testimony of other witnesses to show that she had been guilty of indiscretions with other men, possibly acts of intercourse with them, and that there was then pending in the Ohio circuit court a charge against another man instigated by prosecutrix and similar in all respects to the charge on which appellant was being tried. Such testimony under the facts in this case was inadmissible. In the case of Walker v. Commonwealth, 204 Ky. 533, 264 S. W. 1082, the defendant was indicted under the same section of the statutes as was the appellant in this case, and, as here, it was there attempted to attack the truth and veracity of the prosecuting witness by showing her guilty of other similar offenses. This court said:

"Under the charge in such an indictment neither the chastity of the prosecuting witness nor her relationship with other men is involved. The single question is whether defendant had sexual intercourse with a person under the age fixed in the statutes. Whether that person has theretofore or thereafter been guilty of a similar offense constitutes no reason why the defendant should not be punished, and the fact that such prosecuting witness had upon such previous occasions contracted a communicable disease, in the absence of special circumstances, does not affect her credibility as a witness.

"If it is desired to impeach her testimony, it must be done either by contradicting her evidence; showing she has made different or inconsistent statements, or that her general reputation for truth and veracity is bad."

To the same effect is McCreary v. Commonwealth, 158 Ky. 612. In the case, cited by appellant, of Chaney v. Commonwealth, 149 Ky. 464, evidence similar to that excluded in this case was admitted but without objection, and the right of its admission or rejection was not passed upon. In Dunn v. Commonwealth, 193 Ky. 842, the court said that such evidence, even if admissible, had been received, and whether or not it should have been received was not passed on. The case of Richardson v. Commonwealth, 201 Ky. 395, was a prosecution on a liquor charge. The defendant wished to show that the prosecuting witness had theretofore been arrested by him for passing a cold check. This court held that the exclusion of this offered testimony was error. An analysis, however, of this case, and the cases therein cited, demonstrates that such evidence is admissible only to show a bias or animus on the part of the witness testifying and so to attack his credibility. In the instant case, the evidence rejected in no wise tended to prove or show any animus or bias on the part of the prosecuting witness. In the case of Gilbert v. Commonwealth, 204 Ky. 509, on account of the special circumstances there appearing, evidence similar to that sought to be here introduced was held admissible. The special circumstances which authorized a deviation from the general rule was the fact that the prosecutrix claimed to be pregnant, and this court held that the defendant should then have been permitted to show that the prosecutrix had had illicit relations with other men in order to account for the pregnancy. But the record in the instant case fails to show such a similarity of circumstances between it and the Gilbert case. Hence we are brought back to the general rule that if it be desired to impeach the testimony of a prosecuting witness, it must be done by showing that she has made different or inconsistent statements or that her general reputation for truth and veracity is bad. This appellant was permitted to do and did.

It is also complained that a number of witnesses, who were only character witnesses, were permitted to testify after they had sat in court and heard all the testimony, although a separation of witnesses had, at the beginning of the trial, been asked for, and the court had excluded from the court room all witnesses for each party. However, this is a matter which addresses itself to the discretion of the trial court, Music v. Commonwealth, 186 Ky. 45, and inasmuch as these witnesses were

only character witnesses, we do not believe the court abused its exercise of sound discretion in this connection. In passing, it may be said that counsel for appellant also complains that the court permitted the prosecuting witness to hold an infant in her arms in the presence of the jury, thus creating the impression that she was the mother of said child, and that the appellant was its father. We are unable to consider this contention of counsel since the record is absolutely silent on this point.

It is next complained that counsel for the Commonwealth was guilty of misconduct in his closing argument. The entire argument of the Commonwealth's attorney has been brought to this court, and while in some respects the language used was somewhat harsh, and it would have probably been better for counsel to have confined himself to a dispassionate discussion of the law and evidence, yet when read as a whole his argument does not appear to have been unduly intemperate, nor can we say that it was prejudicial to any of the substantial rights of the appellant.

Lastly, it is urged that the verdict is not supported by the evidence. The statement of the facts on which appellant was convicted as hereinbefore set out, demonstrates the lack of merit of this contention. The appellant admitted practically everything the prosecutrix claimed concerning the automobile ride of June 30 or May 26th, as the case may be, except the act of intercourse itself. However, he offered no explanation of why he should have sat for some two hours in a Ford on a lonely road in the nighttime with a girl whom he had met surreptitiously, and whom he says he was not courting. The jury meted out to him the least punishment it could, and as we perceive no error in the record prejudicial to his substantial rights, the judgment of the lower court is affirmed.

Judgment affirmed.