## Loving v. Commonwealth.

### (Decided June 12, 1925.)

### Appeal from Warren Circuit Court.

1.  **Obstructing Justice—$1,000.00 Fine and 12 Months' Imprisonment Not too Severe for Inducing Witnesses Not to Appear.**—In prosecution under Kentucky Statutes, section 1294, for obstructing justice by inducing two witnesses to absent themselves from trial against accused, fine of $1,000.00 and 12 months' imprisonment in jail held not too severe, in view of fact that no limit has been placed on punishment by legislature.

2.  **Witnesses—Admission of Testimony as to Accused's Bad Reputation, After he had Testified, Proper.**—In prosecution for obstructing justice, admission of testimony of several witnesses that general reputation of accused for truth and veracity was not good, after accused had offered himself as witness in his own behalf, held proper, testimony of accused being an invitation to attack his truth, veracity, or general moral character, in view of Civil Code of Practice, section 597.

3.  **Criminal Law—Failure to Limit Evidence to Question of Credibility Not Prejudicial.**—Where accused testified as a witness and state introduced evidence that his reputation for truth and veracity was bad, failure to admonish jury that this evidence could only be considered as affecting defendant's credibility was not

prejudicial, as purpose of such evidence could not have been misunderstood.

G. D. MILLIKEN for appellant.

JOHN A. LOGAN, A. M. CHANEY, FRANK E. DAUGHETRY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted charged with the obstruction of justice by unlawfully and corruptly enticing, soliciting, hiring and persuading two named witnesses to absent themselves from the county and not to appear at a given term of court and give evidence against him in a prosecution then pending against him.

The offense charged is a common law misdemeanor, but the penalty therefor is prescribed by section 1294, Kentucky Statutes, wherein it is provided that upon conviction the defendant shall be fined or imprisoned, or both, at the discretion of the jury.

The evidence disclosed that appellant was tried under a warrant in the Bowling Green police court charged with the sale of intoxicating liquor, and that two young men were the chief witnesses against him, and that upon his conviction there he appealed to the Warren circuit court. A few days before the term at which his case stood for trial in the Warren circuit court he procured another, who was on intimate terms with one of the witnesses against him, to induce the witnesses to leave and remain away until after that term of court, and furnished the money with which they were induced or bribed to leave, and they did in fact leave and remain away until after the expiration of the term.

Upon his trial under this indictment he was found guilty and a fine of $1,000.00 assessed against him, together with a sentence of twelve months' imprisonment in jail.

On this appeal the first and chief complaint is that the punishment is so severe as to evidence on its face passion and prejudice on the part of the jurors returning the verdict. We can not accept this view, for there is no more serious misdemeanor known to the law than that of the obstruction of justice. Whenever an individual seeks to thwart the due administration of the law, either by interfering with the execution of its mandates, or by

attempting to prevent its due administration in any respect, he is striking at the very root of all civilized government; for no civilization can last indefinitely which is not based upon a fair and just administration of the law.

Not only so, the best evidence that the verdict in this case is not to be deemed excessive or oppressive is that the General Assembly in fixing the punishment for such a grave misdemeanor has seen proper to place no limit upon the fine that may be assessed or the imprisonment that may be imposed.

The only other ground urged for reversal is the alleged error of the court in permitting the Commonwealth, in rebuttal, after the defendant had testified, to show by the sheriff, chief of police and other witnesses, that the general reputation of appellant for truth and veracity was not good, and the failure of the court to admonish the jury that such evidence could only be considered in so far as it might affect defendant's credibility as a witness.

It. has long been the rule that a defendant in a criminal or penal prosecution who offers himself as a witness in his own behalf may then have his reputation for truth and veracity or immorality impeached by the introduction of witnesses. By his act in offering himself as a witness he invites inquiries as to his character for truth and veracity or as to his general moral character; and the Commonwealth may then as to him, as well as to any other witness, offer such evidence. Eversole v. Commonwealth, 157 Ky. 478; Civil Code, section 597; Farmer v. Commonwealth 28 R. 1168. The oversight of the court in failing to admonish the jury of the purpose for which this evidence was admitted was not prejudicial. Its purpose could not have been misunderstood.

Judgment affirmed.