## Smallwood v. Commonwealth.

Feb. 17, 1942.

L. O. Siler for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Appellant was convicted of the crime of stealing chickens valued at more than $2 and sentenced to serve 2 years in the penitentiary.

His grounds for reversal are (1) the evidence was not sufficient to submit the case to the jury; (2) failure of the court to sustain the defendant's objections to the introduction of incompetent testimony.

The first complaint is not, and cannot be argued with any degree of assurance. The chickens which the indictment charges to have been stolen were allegedly owned by Mr. and Mrs. J. L. Poynter, both of whom testified positively that the chickens found in appellant's possession were the ones stolen from them. Appellant admits the chickens were in his possession. His defense was based solely on the claim that he was the lawful owner. No other explanation of the possession of the

chickens was offered and since the possession of stolen property raises the presumption of guilt on the part of the person in possession thereof, Branson v. Commonwealth, 92 Ky. 330, 17 S. W. 1019, 13 Ky. Law Rep. 614, the sole issue for the determination of the jury was the ownership of the chickens; the positive identification of the chickens by the Poynters and their testimony that the chickens were owned by them undoubtedly was sufficient evidence to submit that issue to the jury and to support the verdict finding appellant guilty. Abshire v. Commonwealth, 281 Ky. 470, 138 S. W. (2d) 567. We therefore conclude that the first complaint is without merit.

The second complaint is based on the action of the trial court in permitting the Commonwealth to introduce testimony as to appellant's general reputation for stealing. Although the appellant did not at any time place his character in issue, the Commonwealth contends that this evidence was competent to impeach appellant who testified in his own behalf. The rule in respect to impeachment testimony which we have held applies to criminal cases, Mulligan v. Commonwealth, 202 Ky. 841, 261 S. W. 616, is almost universal and is incorporated in Section 597 of the Civil Code of Practice which reads:

> "A witness may be impeached by the party against whom he is produced, by contradictory evidence, by showing that he has made statements different from his present testimony, or by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of felony."

When evidence of this nature is offered, the court should admonish the jury that the purpose of the evidence is only to affect, if it does affect, the credibility of the defendant as a witness, Atkins v. Commonwealth, 224 Ky. 126, 5 S. W. (2d) 889, although the right to the admonition may be waived by the defendant if he fails to ask that it be given. Shell v. Commonwealth, 245 Ky. 223, 53 S. W. (2d) 524. But evidence concerning the character of the defendant when offered only for the purpose of affecting his credibility as a witness must not be confused with evidence concerning his character of-

556

fered for the purpose of supporting an inference that he committed the crime for which he is on trial. The general character of the accused and his disposition to commit crime may not be introduced in evidence against him as ground for presuming guilt, Snapp v. Commonwealth, 82 Ky. 173, 6 Ky. Law Rep. 34; Robertson's New Kentucky Criminal Law and Procedure, second edition, Section 1838, page 1932, unless the accused has introduced testimony of his good reputation as ground for the presumption of innocence. Combs v. Commonwealth, 160 Ky. 386, 169 S. W. 879. In this case appellant did not offer any testimony as to his good character in support of a presumption of innocence, therefore, it was improper for the court to permit the Commonwealth to offer evidence in support of a presumption of guilt; although evidence as to the reputation was admissible under proper admonition for its effect, if any it might have, on the credibility of appellant as a witness without reference to specific crimes or propensity for the commission of specific crimes. Since the evidence in respect to appellant's reputation for stealing might be wrongfully considered by the jury and made to constitute a part of the offense for which he was being tried, it was highly prejudicial, because, it might be argued that one so depraved as to have the reputation of being a thief would not hesitate to commit the crime with which appellant was charged. Robertson's New Kentucky Criminal Law and Procedure, Section 1804, page 1918; Martin v. Commonwealth, 93 Ky. 189, 19 S. W. 580, 14 Ky. Law Rep. 95. A comprehensive discussion of this subject may be found in Shell v. Commonwealth, supra.

Wherefore the judgment is reversed with directions to grant defendant a new trial and for proceedings consistent with this opinion.