## Swango v. Commonwealth.

Oct. 10, 1944.

Marcus Redwine for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Ora Swango was found guilty of having carnal knowledge of Charles Willis Brown, a male under 16 years of age, in violation of KRS 435.100, and her punishment was fixed at five years in the Reformatory. Reversal is urged on the grounds that (1) the verdict is not supported by the evidence; (2) the court admitted incompetent evidence; (3) the court erred in refusing to admit evidence offered by the defendant; (4) error was committed in allowing the Commonwealth to attack the reputation of the defendant for general moral character; and (5) the instructions were erroneous.

The appellant is a married woman 29 years of age, having two infant children and a husband, who, at the time of the trial, was serving in the armed forces in Sicily.

According to the Commonwealth's evidence, she asked Charles Brown to go to her home, which he did, and while there they engaged in sexual intercourse. Several days later the boy developed a case of gonorrhea. He was treated by two physicians. He testified that he had never had sexual relations with any other woman. On the day the appellant was charged with the offense and placed in jail she was examined by a physician and the laboratory test showed she had gonorrhea, for which she was treated. After she testified, proof was introduced which showed her reputation for morality was bad.

The evidence for the appellant was that she had never had sexual relations with the complaining witness; he came to her home in the company of a man and a girl about the time he said the disease developed and while there refused to take a drink of wine, because he said he had had a "chance for a disease" on a recent trip to Ohio; and an examination by another physician after appellant had been in jail two or three days did not show any superficial evidence of the disease.

Assuming the aforementioned evidence to be competent, it is obvious the question was one for the jury, though we can not refrain from saying in passing that a part of Charles Brown's evidence seems highly incredible, since he said he had had intercourse with the appellant approximately a year before the act complained of.

The most important phase of the case deals with the admission of testimony showing that both of the parties had the disease. That this evidence was very damaging is beyond dispute, but the question is, Was it admissible? We think it was. Reference to 52 C. J., Rape, section 106, will show that the weight of authorities is to the effect that it may be shown the female became infected with a venereal disease as a result of the rape, and that the defendant had the same disease. Of course such testimony must be relevant, which is clearly the case here. It seems to us the same rules should apply in a carnal knowledge case as in a rape case, because both involve sexual offenses.

The trial judge refused to permit the defendant to testify that a doctor in Jackson, Kentucky, had examined her and found that she did not have gonorrhea. Clearly this was proper, because the statement was merely hearsay.

As we view the record, the attack upon the appellant's character was made in strict compliance with section 597 of the Civil Code of Practice, since she offered herself as a witness. Loving v. Commonwealth, 209 Ky. 536, 273 S. W. 56. It is pointed out in the Loving case that it has long been the rule in this jurisdiction that a defendant in a penal or criminal prosecution who offers himself as a witness in his own behalf may then have his reputation for truth and veracity or morality impeached by the introduction of witnesses. The appellant stresses the case of Walker v. Commonwealth, 204 Ky. 533, 264 S. W. 1082, but an examination of that case will show circumstances different than those in the case at bar.

The criticism of the instructions is that, since the court permitted the testimony concerning the venereal disease and the morals of the defendant to be admitted, it was his duty to instruct the jury as to the purpose for which it was admitted, and also that it should not be considered as proving the defendant guilty. It is obvious from what has been said that this complaint, in so far as the venereal disease is concerned, is groundless, because that evidence was substantive in nature. The evidence showing the bad character of the appellant was admissible for the reasons heretofore given, and while it was objected to there was no request that the court admonish the jury as to its weight. As pointed out in Smallwood v. Commonwealth, 289 Ky. 554, 159 S. W. 2d 401, the defendant may waive the right to such admonition if he fails to ask that it be given.

Before closing this opinion we can not refrain from commenting upon the attack made upon the statute in question by able counsel for the appellant. It is said to be unusual, in so far as it permits a female to be charged with the offense of carnal knowledge, and probably it is. This appears to be the second time such a case has come before us since the statute was amended in 1922. While it may be conceded that the facts and circumstances in the case at bar might warrant such an attack, it must not be overlooked, as pointed out by General Herdman, that it is just as necessary for young boys to be protected against the lusts of wanton women, as it is to protect young girls from like passions of men.

Judgment affirmed.