Larry **BALDRIDGE** and Danny **Tussey, Appellants,**

v.

**CITY OF ASHLAND, Kentucky, Appellees.**

Court of Appeals of Kentucky.

Jan. 9, 1981.

Discretionary Review Denied April 7, 1981.

Garis L. Pruitt, Ashland, for appellants.

Frank Edelen and Richard Martin, Ashland, for appellees.

Before HOWARD, HOWERTON and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from an order entered March 4, 1980, dismissing the appellants' complaint because of their failure to strictly comply with the provisions of KRS 411.110 as to the exact date of the alleged accident.

On August 6, 1979, near midnight, the appellants, while traveling on a motorcycle, struck a mound of dirt which had been left across the highway where a bridge was being repaired. The accident resulted in serious injury to both. Counsel for the appellants transmitted notice, pursuant to KRS 411.110, to the sheriff for service on the city. The municipality was served in a timely and proper fashion, and the city does not raise any question of being notified within the ninety-day period of the statute. Suit was filed, and the city moved to dismiss because of a failure to give the correct date of the accident in the notice. The circuit court dismissed the action, and this appeal followed.

The appellants argue that the notice given the city is not fatally defective because it had August 8, 1979, instead of August 6 or 7, 1979, as the date of the accident. They maintain that they have complied with the requirements of the statute and that dismissal of the suit was reversible error.

This Court affirms the order of the trial court.

KRS 411.110 provides in part that notice shall be given to the city "stating the time of" and place where the injury was received. This statute has always been given a strict interpretation by the courts. We cannot do otherwise.

The giving of notice as required by the statute is mandatory and a condition precedent to the filing of the suit. *Berry v. City of Louisville*, Ky., 249 S.W.2d 818 (1952). Literal compliance with the statute is necessary. *Treitz v. City of Louisville*, 292 Ky. 654, 167 S.W.2d 860 (1943). It has been held that the city's actual or constructive notice of the defect is not a substitute for proper notice. *Reibel v. Woolworth*, 301 Ky. 76, 190 S.W.2d 866 (1945).

It has also been held that to provide an exception to the strict compliance with the statute would be to amend the law. If there is a need for such an amendment, it should properly be addressed to the General Assembly. The courts do not have authority to amend the statute. *Galloway v. City of Winchester*, 299 Ky. 87, 184 S.W.2d 890 (1945).

The correct date of any alleged accident is an essential and mandatory element of a statutory notice. The courts of Kentucky have repeatedly held that strict compliance with the statute is mandatory. We cannot say that the correct date is a minute detail.

Therefore, the order of the trial court is affirmed.

HOWERTON, J., concurs.

HOWARD, J., dissents.