**Evelyn DENTON, Appellant,**

v.

**CITY OF FLORENCE, Appellee.**

**No. 2008–SC–000324–DG.**

Supreme Court of Kentucky.

Nov. 25, 2009.

Donald L. Nageleisen, Covington, KY, Counsel for Appellant.

Hugh O. Skees, Skees, Wilson & Dillon, PLLC, Florence, KY, Jeffery C. Mando, Matthew Thomas Lockaby, Adams, Stepner, Woltermann & Dusing, PLLC, Covington, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

## I. Introduction

This is an appeal from an opinion of the Court of Appeals affirming the decision of the Boone Circuit Court dismissing Appellant's complaint against the City of Florence on the grounds that she did not comply with KRS 411.110 by failing to provide the city with the correct date of her injury. For reasons that Appellant, Evelyn Denton, did comply with KRS 411.110's notice requirements by stating that her accident occurred "on or about January 18, 2006," we hold that the trial court improperly dismissed her claim. We, therefore, reverse the decisions of the Court of Appeals and the Boone Circuit Court and remand this matter to the trial court for further proceedings consistent with this opinion.

## II. Background

Appellant, Evelyn Denton, was injured when she slipped on rock salt on the sidewalk in front of the City of Florence City

Building on January 20, 2006. She provided notice of such to the city by faxing and mailing certified notification letters to the Mayor, City Clerk, and the City of Florence's attorney on March 15, 2006, albeit, in her notification letters, Appellant stated the accident occurred "on or about January 18, 2006." Appellant later filed suit against the city and her complaint alleged the accident occurred "on or about January 18, 2006." After receiving initial discovery responses from the city, Appellant ascertained that the actual date of her accident was January 20, 2006 and amended her complaint accordingly.

The trial court subsequently granted the city's motion for judgment on the pleadings, attacking her original notice, and concluded that Appellant had not strictly complied with the notice requirements contained in KRS 411.110.[1] In doing so, the trial court reasoned that Appellant had not stated the correct date of the accident in her notice to the city since she stated that the accident had occurred "on or about January 18, 2006" rather than January 20, 2006. The Court of Appeals affirmed the ruling of the trial court, noting that *Baldridge v. City of Ashland,* 613 S.W.2d 430 (Ky.App.1981) had not been overruled. Appellant sought discretionary review, which we granted. For reasons that Appellant did comply with the statutory notice requirements contained in KRS 411.110, we now reverse.

### III. Analysis

■■ In *Baldridge,* the Court of Appeals held "literal compliance with the

statute is necessary." *Id.* at 431. Appellant argues, however, that the City of Florence had actual notice of her accident: a city employee had taken pictures of the area just after Appellant's fall, there was a Fire Department/Ambulance report, and the city had prepared, signed, and dated incident reports on January 20, 2006. However, actual or constructive notice of the incident on the part of the city is not enough—Appellant still must have met the dictates of KRS 411.110 before properly filing suit against the city. *Reibel v. Woolworth,* 301 Ky. 76, 190 S.W.2d 866 (1945).

■ In order to satisfy KRS 411.110, Appellant was required to state the "time" of her accident. We look to the plain language and the purposes of the statute in order to determine whether Appellant strictly complied with the statute by stating that her accident occurred "on or about January 18, 2006." As we explained in *City of Louisville v. O'Neill,* the purposes of KRS 411.110 are:

> to give the city an opportunity to investigate the scene of an accident and correct any defective condition, if such exists, to enable the city to investigate and evaluate the case so that if liability exists it might have an opportunity to settle it without long and expensive litigation, and to give the city an opportunity to protect its funds against unjust and illegal claims.

440 S.W.2d 265, 266 (Ky.1969). Here, however, we must construe the date given

---

1. KRS 411.110 reads:

    No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the

    Rules of Civil Procedure. This notice shall be filed within ninety (90) days of the occurrence for which damage is claimed, *stating the time of* and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city.

    (emphasis added).

in connection with the language "on or about."

As our predecessor court explained in *Render v. Commonwealth*, "[t]he common understanding of the words 'on or about,' when used in connection with a definite point of time, is that they do not put the time at large, but indicate that it is stated with approximate accuracy." 206 Ky. 1, 266 S.W. 914, 916 (1924) (citation omitted). Therein, the court stated that a period of three or four months was *not* within the referenced time frame. *Id.* While *Render* concerned a date in a criminal indictment, its construction of the term "on or about" is pertinent here. We also addressed the term "on or about" in *James v. Commonwealth*, noting that: "[o]n or about the date could have covered a period of several days." 482 S.W.2d 92, 93 (Ky.1972). As our precedents make clear, whether a particular date reasonably falls within the window of time created by the term "on or about" is a fact-intensive review which is relative to the circumstances of the particular case—the window may be as small as "several days," but may not be as large as "three to four months" and depends entirely on the circumstances of the individual case. Clearly, however, two (2) days is within the span of "several days" and thus, notice that an accident occurred "on or about January 18, 2006" includes January 20, 2006. We also note that the notice in *Baldridge* did not contain the "on or about" language as did Appellant's notice in the case at hand. 613 S.W.2d at 431. Simply put, this is not a case of substantial compliance; it is one of actual compliance.

Appellant therefore complied with the statutory requirement that she state the time of her accident in her notice to the city and met the statute's purpose of protecting public safety by apprising the city as to a defective condition so they had an opportunity to investigate and correct it.

Furthermore, we note that Appellant complied with the ninety (90) day period in which she had to give the city notice. The statute speaks to this point: notice must be given within ninety (90) days of the date of the incident. KRS 411.110.

## IV. Conclusion

For the foregoing reasons, the decisions of the Court of Appeals and the Boone Circuit Court are hereby reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, SCHRODER, and VENTERS, JJ., concur. NOBLE, J., concurs in result only by separate opinion.

NOBLE, J., concurring in result only:

I concur in result, but I think the Court of Appeals in *Baldridge v. City of Ashland*, 613 S.W.2d 430 (Ky.App.1981) overconstrued the "time" language in KRS 411.110. "On or about January 18, 2006" is a statement of time, though admittedly more flexible than the precision required by *Baldridge*. I believe the majority Opinion at least implicitly overrules *Baldridge* and I would do so outright.