RENDERED:  JANUARY 23, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1526-MR

BRENDA DIXON
APPELLANT


APPEAL FROM MASON CIRCUIT COURT
v.  HONORABLE JEFFREY L. SCHUMACHER, JUDGE
ACTION NO. 24-CI-00189


CITY OF MAYSVILLE AND MASON
COUNTY FISCAL COURT
APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, McNEILL, AND MOYNAHAN, JUDGES.

McNEILL, JUDGE:  This is a negligence case.  Appellant is Brenda Dixon

(Dixon).  Appellees are the City of Maysville (City), and the Mason County Fiscal

Court (County).  Dixon alleges injuries from a fall on a sidewalk in downtown

Maysville on June 29, 2023.  The complaint was filed in Mason Circuit Court on

July 17, 2024, which the circuit court concluded was outside the one-year statute of

limitations. KRS[1] 413.140(1)(a). The court also dismissed the claims against Mason County based on sovereign immunity. The claims against the City of Maysville were dismissed because Dixon failed to comply with KRS 411.110, which requires notice to be given to city officials within 90 days of the incident. Dixon appeals to this Court as a matter of right. For the following reasons, we AFFIRM.

## STANDARD OF REIVEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.*

## ANALYSIS

Dixon argues that the circuit court erred by dismissing the case based on sovereign immunity and KRS 411.110. As a prefatory issue, she argues that the

---

[1] Kentucky Revised Statutes.

trial court erred by not converting Appellees' motion to dismiss for failure to state a claim into a motion for summary judgment.[2]

## *Conversion*

Dixon asserts that because her objections to the CR[3] 12.02(f) motion contained appended material, including affidavits of counsel, that the CR 12.02(f) motion should have been converted into one for summary judgment. The relevant rule provides:

> If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .

CR 12.02. There is no indication that the circuit court expressly considered Dixon's supplemental evidence. Moreover, some of the materials forming the basis for conversion relate to the statute of limitations issue we are not addressing. Thus, the conversion issue is moot. To the extent Dixon filed supplemental materials outside of the pleadings that are relevant to the issues addressed in the merits herein, there is no reversible error.

---

[2] Dixon also raises an issue regarding the delinquent filing of the Complaint due to alleged errors in the Kentucky Court of Justices (KCOJ's) electronic filing system. More precisely, it is alleged that counsel attempted to file the complaint on June 29, 2024, but the filing did not process due to a payment issue. We need not address this statute of limitations issue because the following issues are dispositive: 1) sovereign immunity; and 2) strict compliance with KRS 411.110.

[3] Kentucky Rules of Civil Procedure.

*Sovereign Immunity*

It is well-established that counties are "cloaked with sovereign immunity" as arms or political subdivisions of the Commonwealth. *E.g.*, *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128 (Ky. 2004). *See also Edmonson Cnty. v. French*, 394 S.W.3d 410 (Ky. App. 2013) (holding that county and the County Fiscal Court were entitled to the protection of sovereign immunity). Thus, dismissal based on the sovereign immunity of Mason County and its Fiscal Court was proper.

*Statutory Notice*

KRS 411.110 mandates a specific notice requirement in cases wherein an injury is alleged because of a deficient city sidewalk. It provides:

> No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety (90) days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city.

Dixon contends that the City received actual notice of the underlying incident, because she had conversations with City officials concerning the incident. However, the City cites numerous cases wherein Kentucky courts have

consistently held that a plaintiff must strictly comply with the statute's notice requirements. *E.g.*, *Baldridge v. City of Ashland*, 613 S.W.2d 430, 431 (Ky. App. 1981) ("Literal compliance with [KRS 411.110] is necessary."); and *Treitz v. City of Louisville*, 167 S.W.2d 860, 862 (Ky. 1943) ("It will not suffice to say that the statute was substantially complied with.").

In support of her argument in favor of actual notice/substantial compliance, Dixon cites *Denton v. City of Florence*, 301 S.W.3d 23, 26 (Ky. 2009). In that case, however, the only discrepancy at issue was the notice plaintiff provided that the accident occurred "on or about January 18, 2006[,]" when the actual date of injury was January 20, 2006. *Id*. The Court affirmed its prior precedent observing that "actual or constructive notice of the incident on the part of the city is not enough[.]" *Id*. at 25. The Court held that "[c]learly . . . two (2) days is within the span of 'several days' and thus, notice that an accident occurred 'on or about January 18, 2006' includes January 20, 2006." *Id*. at 26. "Simply put, this is not a case of substantial compliance; it is one of actual compliance." *Denton*, 301 S.W.3d at 26. Having considered the arguments and case law presented, the circuit court's dismissal for failure to strictly satisfy the dictates of KRS 411.110 was proper in this instance.

## CONCLUSION

Based on the foregoing, the Mason Circuit Court's dismissal order is hereby AFFIRMED.

ALL CONCUR.


BRIEFS FOR APPELLANT:

R. Christian Macke
Newport, Kentucky

BRIEFS FOR APPELLEES:

Jeffrey C. Mando
Shelbi L. Shultz
Covington, Kentucky