**Jeremy GILL, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

NO. 2014–CA–000362–DG

Court of Appeals of Kentucky.

RENDERED: JUNE 19, 2015; 10:00 A.M.

---

**36**

Briefs for Appellant: Emily Holt Rhor-
er, Assistant Public Advocate, Department
of Public Advocacy, Frankfort, Kentucky

Brief for Appellee: Richard J. Deye,
Butler County Attorney, Morgantown,
Kentucky

BEFORE: J. LAMBERT, STUMBO
AND THOMPSON, JUDGES.

*OPINION*

STUMBO, JUDGE:

Jeremy Gill appeals his conviction in the
Butler District Court of leaving the scene
of an accident. Gill was ordered to pay a
$500 fine. Gill appealed his conviction to
the Butler Circuit Court, which affirmed.
This Court then granted discretionary re-
view.

On June 7, 2013, Gill and his girlfriend,
Ashley Kane, got into an argument at his
residence. Also present was their five-
year-old daughter. Gill claims that in or-
der to diffuse the situation, he took his
daughter, got in his car, and left the resi-
dence. Kane followed Gill in her own au-
tomobile. When Kane caught up with Gill,

she intentionally struck Gill's automobile.[1] When she struck his vehicle, he was crossing a bridge. The collision caused Gill's vehicle to hit the wall of the bridge.

Gill did not stop his vehicle, but continued down the road and stopped at the County Corner Market. Gill stated at trial that the reason he did not immediately stop is because he felt he was in danger. Kane followed him to the market, where she began yelling at him. Gill then left the market and returned home. Evidence was conflicting at trial, but it appears that Kane may have remained at the market. She then called the police.

When Gill returned home, he heard over his police scanner that Kane had requested the police at the market. He then returned to the market. Gill was ultimately charged with leaving the scene of an accident pursuant to Kentucky Revised Statutes (KRS) 189.580(1). A trial was held on September 11, 2013. After the close of the Commonwealth's evidence, Gill's trial counsel moved for a directed verdict. Counsel argued that this was not an accident as contemplated by the statute, but was an intentional collision. The trial court denied the motion and the trial continued. The jury ultimately found Gill guilty of leaving the scene of an accident and fined him $500. Gill then appealed to the circuit court, which affirmed. This appeal followed.

 Gill's first argument on appeal is that the trial court erred in not granting his motion for a directed verdict. Gill claims that because this was an intentional collision, it cannot be classified as an accident; therefore, he did not leave the scene of an accident. We agree.

On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky.1991).

 KRS 189.580(1)(a) states in relevant part:

The operator of any vehicle, whose vehicle, vehicle load, or vehicle equipment which is involved in an accident resulting in injury to or death of any person or resulting only in damage to a vehicle or other property which is driven or attended by any person, shall immediately stop and ascertain the extent of the injury or damage and render reasonable assistance, including the carrying, or making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person.

When interpreting a statute,

[t]he primary rule is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be

---

1. Kane admitted that she intentionally struck Gill's automobile.

had first to the words, which are decisive if they are clear. The words of the statute are to be given their usual, ordinary, and everyday meaning.

*Osborne v. Commonwealth,* 185 S.W.3d 645, 648–49 (Ky.2006)(*citing Gateway Const. Co. v. Wallbaum,* 356 S.W.2d 247, 249 (Ky.1962)).

In the case at hand, the term "accident" is not defined in the Kentucky Revised Statutes. Black's Law Dictionary defines accident as "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated.... An unforeseen and injurious occurrence not attributable to mistake, neglect, or misconduct." BLACK'S LAW DICTIONARY 15 (7th ed. 1999). *See also* Merriam–Webster's Collegiate Dictionary p. 7 (10th ed. 2002) which has a similar definition.

Here, the facts are undisputed that Kane intentionally collided with Gill's vehicle. This was not an accident. The Commonwealth could not prove an essential element of the crime of leaving the scene of an accident; therefore, a directed verdict should have been granted.[2]

Gill raises another issue on appeal, but that issue is now moot.

Based on the foregoing, we vacate Gill's conviction.

J. LAMBERT, JUDGE, CONCURS.

THOMPSON, JUDGE, CONCURS IN RESULT ONLY.

---

2. We also note that it seems unreasonable to force the drivers of Kentucky who are intentionally struck by a vehicle to stop during such an encounter and place themselves in further danger.