Alma Elizabeth HANCOCK, Appellant,

v.

CITY OF ANCHORAGE, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 8, 1957.

C. Raymond Emler, L. Edmund Huber, Louisville, for appellant.

Lively M. Wilson, Stites, Wood, Helm & Peabody, Louisville, for appellee.

MILLIKEN, Chief Justice.

The question presented on this appeal is whether an action may be maintained against a city for an injury growing out of a condition in a public sidewalk—a loose lid or top on a city-owned water meter box —when notice of the injury was not served on the city within 90 days of the occurrence of the injury in accordance with the governing statute, KRS 411.110, which reads:

"No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

It is the appellant's contention that the statute is confined to the protection of the city against actions growing out of defects in a sidewalk which are inherent in the sidewalk as such, and is not intended to cover a situation like this—the negligence of the city in maintaining part of its municipally owned and operated waterworks system. The trial court granted a summary judgment for the city on the ground that the statute covered the situation, was not ambiguous and contained no exceptions.

We cannot get away from the physical fact that the water meter box was located in the sidewalk and the statute specifically covers defects in the sidewalk. Although the operation of the water system is a proprietary function of the city, the statute does not exclude defects in a sidewalk of any kind whether of proprietary or governmental origin.

■ We have held consistently that compliance with the statute is a prerequisite to the right to invoke the help of the courts. Wellman v. City of Owensboro, Ky., 282 S.W.2d 628; Ky. Digest, Municipal Corporations, ■■ And in Galloway v. City of Winchester, 299 Ky. 87, 184 S.W.2d 890, 892, we made this comment:

"In Baker v. Town of Manitou, Colo., supra [8 Cir., 277 F. 232], the Court, quoting from Peoples v. City of Valparaiso, 178 Ind. 673, 100 N.E. 70, 71, said: 'That the ends of justice might be the better subserved by making exceptions in cases such as this, and possibly others, appears scarcely open to controversy; but the making of such exceptions is a duty solely devolving on the legislative department of our government, and courts cannot rightfully modify the terms of a statute, however meritorious such modifications may appear.'

"* * * There is no language contained in the act itself which admits of the construction that the provisions of the act do not apply to all persons, irrespective of age or infirmity. To provide an exception would be, by innuendo, to amend the Statutes. We conceive that we do not have the authority to do this. The need for such an amendment must be addressed to the Legislature."

In granting summary judgment for the City of Anchorage in the present case, the learned trial judge relied on Collins v. City of Memphis, D.C., 16 F.Supp. 204, 211, which involved a similar Tennessee statute and a factual situation similar to the one before us. In that case the City of Memphis operated the water system. The plaintiff there stepped on the top of a water meter box, the top tilted and caused her to fall. The Tennessee statute reads as follows:

> "* * * That no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality unless within ninety days after such injury to the person or property has been inflicted; a written notice shall be served upon the Mayor of said municipality stating the time and place where said injury was received, and the general nature of injury inflicted." Code, § 8596.

The plaintiff contended there, as here, that the statute did not apply where the defect was the result of negligence on the part of the city acting in a proprietary capacity.

After an extensive review of authorities, that Court, in an opinion by Judge Martin, concluded:

> "The foregoing review of the state court authorities, from which rather elaborate quotations have been made because no decision of a United States court upon the point at issue has been produced by counsel for the contending parties, has convinced this court that the better reason sustains the view that no distinction between governmental and non-governmental activity of a municipality should be read by the court into a clear-cut statute, requiring notice of injury resulting from 'the negligent condition of any street, alley, sidewalk or highway of such municipality,' as a condition precedent to bringing suit.

> "Independently of authority, this court would hold this view. The Tennessee statute is plain and unambiguous. * * *

> "This court will not indulge the unwarranted speculation that the Legislature of Tennessee must have intended to except from the requirement of notice claims for injuries received from the operation of a municipal water plant. No such exception appears by any reasonable inference from the language of the statute."

We conclude that the learned trial judge was correct in granting the City of Anchorage summary judgment.

The judgment is affirmed.