David OSBORNE, et al., Appellants,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

No. 2004–SC–000566–DG.

Supreme Court of Kentucky.

Feb. 23, 2006.

C. Thomas Hectus, Randall S. Strause, Hectus & Strause PLLC, Louisville, Counsel for Appellants.

Patrick McGee, General Counsel, David E. Fleenor, John Hunter Walker, Wesley R. Butler, Office of General Counsel, Cabinet for Health Services, Frankfort, Counsel for Appellees.

SCOTT, Justice.

This case comes to us on discretionary review of the Court of Appeals' opinion, which held that county jails, not the Commonwealth, are responsible for paying the cost of providing psychotropic medications to inmates incarcerated at those county jails pursuant to KRS § 441.045(3). In so ruling, the Court of Appeals affirmed the decision of the Franklin Circuit Court granting a *sua sponte* motion for summary judgment in favor of Appellee, Commonwealth of Kentucky. For the reasons set forth herein, we affirm the decision of the Court of Appeals.

### I. FACTS

This case arose over a dispute between the jailer at the Daviess County Detention Center ("DCDC") and the Cabinet for Health Services [1] ("CHS") regarding the

---

1. Following a reorganization of executive branch cabinets, the Cabinet for Health Services was renamed the Cabinet for Health and Family Services.

financial responsibility for providing psychotropic medications to indigent inmates incarcerated at the DCDC. The Appellant, David Osborne, is currently jailer for the Daviess County Detention Center ("DCDC").[2] Prior to Osborne taking the position, his predecessor, Harold Taylor, initiated a suit in Franklin Circuit Court, arguing that KRS § 441.047(1) places the financial responsibility on the Commonwealth to provide indigent prisoners with psychotropic medications. Appellants also argued that since KRS § 441.047 was enacted later in time and is more specific than KRS § 441.045, it is the controlling statute and repeals the latter by implication. Appellees, Cabinet for Health Services and the Department of Finance, in turn argued that KRS § 441.045(3) directs county jails to cover the costs of providing "necessary medical, dental and psychological care" for indigent inmates. Appellants' motion for summary judgment was denied, and the Franklin Circuit Court, Crittenden, J., granted a *sua sponte* summary judgment in favor of Appellees.

In its opinion and order, the Franklin Circuit Court, utilizing statutory construction, held that the two statutes could, and should, be harmonized so as to give effect to both. Further, the court noted that if the General Assembly had intended for KRS § 441.047 to repeal KRS § 441.045, it would have done so explicitly. Notably, the court found that KRS § 441.047 was enacted to save taxpayers' money by utilizing state-operated or state-supported psychiatric facilities as opposed to facilities in the private sector. KRS § 441.045, on the other hand, specifically requires the county jail to cover the cost of providing "necessary medical, dental and psychological care to indigent inmates in the jail." The cir-

cuit court held that the term "psychological care" encompasses psychotropic medications, and as such, the jailer remains responsible for paying the costs of administering these medicines to indigent inmates while they are incarcerated in the jail.

The Court of Appeals agreed, finding that the circuit court properly construed KRS § 441.045 to require the county jails to cover the costs of psychotropic medications as part of necessary psychological care.

## II. ANALYSIS

### A. Statutory Construction

Because the outcome of this appeal turns on whether the lower courts properly construed the statutes at issue, this Court feels compelled to reiterate the means by which courts in the Commonwealth must resolve apparent conflicts between statutory provisions.

 Because the construction and application of statutes is a question of law, it is subject to de novo review on appeal. *See Bob Hook Chevrolet Isuzu v. Com., Transportation Cabinet,* 983 S.W.2d 488, 490 (Ky.1998). Furthermore, the Legislature's intention in enacting a statute must be justified by the language, and no unjustifiable intention may be read into the statute. *See Gateway Const. Co. v. Wallbaum,* 356 S.W.2d 247, 249 (Ky.1962).

The primary rule is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be had first to the words, which are decisive if they are clear. The words of the

2. The other named Appellant in this case is Daviess County, Kentucky.

statute are to be given their usual, ordinary, and everyday meaning.

*Id.* (citations omitted).

■■■ Although this Court and the Court of Appeals have held that a later enacted statute generally controls, *see e.g., Brown v. Hoblitzell,* 307 S.W.2d 739 (Ky. 1956); *Williams v. Commonwealth,* 829 S.W.2d 942, 944 (Ky.App.1992), this Court has also recognized that "[w]here there is an apparent conflict between statutes or sections thereof, it is the duty of the court to try to harmonize the interpretation of the law so as to give effect to both sections or statutes if possible." *Ledford v. Faulkner,* 661 S.W.2d 475, 476 (Ky.1983). Furthermore, this Court presumes that the Legislature knew of pre-existing statutes when it enacted a later statute on the same subject matter. *See Shewmaker v. Commonwealth,* 30 S.W.3d 807 (Ky.App.2000). Although repeal by implication is recognized, there is also a presumption that if the Legislature intended a subsequent act to repeal a former one, it will express itself to that end so as to leave no doubt about its purpose. *See Tipton v. Brown,* 277 Ky. 625, 126 S.W.2d 1067 (Ky.1939). In short, courts must use repeal by implication as a last resort when the repugnancy of the conflict can admit no other reasonable construction. *See Kentucky Off–Track Betting, Inc. v. McBurney,* 993 S.W.2d 946 (Ky.1999).

**B. The Court of Appeals properly held that county jails remain responsible for the costs of providing psychotropic medications to indigent prisoners.**

■■■ Having thoroughly addressed the rules regarding statutory construction, we now turn to the issue of whether or not the Court of Appeals was correct in affirming the circuit court's determination that the county jails are responsible for the costs of providing psychotropic medications to indigent inmates in the jail.

■■■ KRS § 441.045(3) provides, in pertinent part, that "the cost of providing necessary medical, dental, and *psychological care* for indigent prisoners in the jail shall be paid from the jail budget." (Emphasis added). Clearly this statute places the financial responsibility for covering all aspects of an inmate's psychological care on the county jail. As the lower courts have found, psychotropic medications must necessarily fall within the rubric of psychological care. It is our opinion that there can be very little else that this portion of the statute would otherwise address.

In contrast, KRS § 441.047(1) provides that

[w]henever a prisoner confined in the county jail is in need of psychiatric or similar evaluation, treatment, or services, it shall be the responsibility of the Commonwealth to provide such evaluation, treatment, or services at the expense of the Commonwealth at the nearest state-operated or state-supported facility suitable for the provision of the required evaluation, treatment, or services at no cost to the county.

■■■ Although Appellees are correct in that KRS § 441.047 has traditionally been cited in competency evaluations for criminal defendants,[3] such a conclusion is irrelevant as to whether or not subsection (1) requires reversal of the Court of Appeals. The plain language of KRS § 441.047(1)

---

**3.** KRS § 441.047(2) deals specifically with psychiatric evaluations of criminal defendants and the language of this subsection is nearly identical to that found in subsection (1) cited and addressed in this opinion.

reveals that this portion of the statute clearly applies to those situations where an indigent inmate receives "psychiatric evaluations, treatment or services" at a nearby state-supported or state-operated psychiatric facility. It is only when this "in-house" treatment is rendered that the Commonwealth is responsible for the costs associated with such services.[4] By "in-house" we mean any treatment rendered at a state-supported or state-operated facility or other suitable private facility outside the confines of the county jail.

As we have stated on previous occasions, this Court believes that if the Legislature intended for a later-enacted statute to repeal a former one, it will express itself to that end. We find no indication the Legislature, in enacting KRS § 441.047, in any way intended to repeal KRS § 441.045. In fact, KRS § 441.047(4) refers back to KRS § 441.045 for the terms and conditions of payment. Although Appellants would have this Court find the two statutes at issue to be in conflict so that we might then have to find the later-enacted and more specific statute controlling, we find no conflict between the statutes.

■ It is the opinion of this Court that KRS § 441.047 was enacted to curtail the costs to taxpayers associated with "psychiatric evaluations, treatment or services" provided to indigent inmates and criminal defendants by rendering these services "in-house" at state-operated or state-supported facilities. If the Legislature intended for county jails to be absolved of the financial responsibility of psychological care for indigent inmates, including the rendering of psychotropic medications while they are incarcerated in the county jail, it would have expressed itself definitively to that conclusion, and it would have done so by expressly repealing KRS § 441.045.

■ Finally, we should address any lingering questions as to whether the trial court was correct in disposing of this case by summary judgment. The standard for summary judgment in Kentucky is well-settled. In *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 483 (Ky. 1991), this Court announced that summary judgment "should only be used 'to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" (Citation omitted). A trial court may also grant summary judgment in favor of a non-moving party "where overruling the [movant's] motion for summary judgment necessarily would require a determination that the [non-moving party was] entitled to the relief asked, [and] a motion for summary judgment by the [non-moving party] would have been a useless formality." *Collins v. Duff*, 283

---

4. Appellant's argument KRS § 441.047 does not apply solely to "in-house" treatment due to the language of subsection (3) is in error. A logical understanding of the clear language of subsection (3) reveals that the first sentence provides only for the psychiatric evaluation of criminal defendants at county jails (or other suitable facilities) in connection with criminal proceedings when no state-operated or state-supported facility is within a reasonable distance from the jail. However, the second sentence of subsection (3) does apply to evaluations, treatments, or services but requires the county jail to first make a request for CHS to provide the evaluation, treatment or services before CHS has any obligation to provide such services. KRS § 441.047(4) also requires the reasonable costs of providing psychiatric evaluations, treatment, or services to be paid from the State Treasury when local resources are utilized because it is either an emergency situation or the Cabinet for Health Services cannot provide such services.

S.W.2d 179, 183 (Ky.1955). This also requires that the trial judge have all pertinent issues before him at the time the case is submitted. *See Green v. Bourbon County Joint Planning Commission*, 637 S.W.2d 626, 630 (Ky.1982).

■ In reviewing the record before us, the majority of this Court believes that the trial court correctly applied the law on summary judgments. We do not believe the Appellants in this case were in any way prejudiced by the court's granting a *sua sponte* summary judgment. The circuit court had but one issue to decide, and the outcome hinged upon a matter of law. The circuit court also had all pertinent issues before it prior to ruling in favor of Appellees. Furthermore, in denying Appellants' motion for summary judgment, the trial court needed only to consider the plain meaning of the statutes at issue and find that, as a matter of law, Daviess County Detention Center was responsible for covering the costs of psychotropic medications rendered to indigent inmates incarcerated in that facility.

For these reasons, the decision of the Court of Appeals is affirmed.

All concur, except WINTERSHEIMER, J., who concurs in result only.