Christie RICHARDSON, Appellant,

v.

**LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT,** Appellee.

No. 2006–SC–000502–DG.

Supreme Court of Kentucky.

June 19, 2008.

Rehearing Denied Sept. 18, 2008.

J. Key Schoen, Sales, Tillman, Wallbaum, Catlett & Satterley, PLLC, Louisville, KY, Counsel for Appellant.

N. Scott Lilly, Louisville/Jefferson Metro Government, Second Assistant County Attorney, Susan P. Spickard, Assistant Jefferson County Attorney, Louisville, KY, Counsel for Appellee.

Mark L. Miller, Priddy, Cutler, Miller & Meade PLLC, Louisville, KY, Counsel for Fraternal Order of Police Legal Plan, Inc. (Amicus Curiae), Kentucky State Lodge, Fraternal Order of Police, Inc. (Amicus Curiae) and National Fraternal Order of Police, Inc. (Amicus Curiae).

Opinion of the Court by Justice SCOTT.

This appeal concerns the interpretation of several provisions of the Claims Against Local Governments Act (CALGA). KRS 65.200 to .2006. CALGA mandates that a local government provide for the defense of an employee in an action in tort arising out of acts or omissions occurring within the scope of his or her employment. KRS 65.2005(1). In this case of first impression, we are asked to determine whether the duty to defend under CALGA applies to *former* employees sued in tort for acts or omissions occurring within the scope of their employment. We hold that it does.

## I. Facts

In March 2002, criminal charges were brought against Appellant, Christie Richardson, who had been a police officer with the Louisville Metro Narcotics Unit since 1997, and Detective Mark Watson. The indictment included 450 counts accusing Watson and Richardson of falsifying search warrant affidavits, forging signatures on search warrants, and tampering with drug evidence, among other allegations. Watson pled guilty to all charges. Richardson resigned on March 18, 2002, shortly after being indicted. She was ultimately convicted of first-degree official misconduct, second-degree possession of a forged instrument, and eighteen (18) counts of tampering with public records, and acquitted on all other charges.

After Richardson's resignation, the following five civil actions were filed against the various government entities, Watson, and Richardson: (1) *Boyer v. City of Louisville;* (2) *Northington v. Watson;* (3) *Grigsby v. Louisville/Jefferson County Metro Government;* (4) *Spencer v. City of*

*Louisville;* and (5) *Elliott v. City of Louisville.* The allegations in the complaints against Richardson pertained to her performance as a police officer, involving incidents which occurred through the end of 2001. The plaintiffs allege that Richardson unlawfully entered and searched their residences, offered perjured testimony against them, and committed other acts of official misconduct.

When Louisville/Jefferson County Metro Government (Metro Government) denied Richardson a defense in the civil suits, she filed a declaratory judgment action in the Jefferson Circuit Court, seeking a ruling that Metro Government was obligated under CALGA to provide her a defense. The circuit court entered judgment in Richardson's favor, reasoning that because the five civil actions seek money damages for her tortious acts during her employment, CALGA provides entitlement to a legal defense.

The Court of Appeals, in a 2–1 decision, reversed and held that the duty to defend under CALGA does not apply to former employees. In denying Richardson a civil defense, the Court of Appeals found that Metro Government had no duty to defend since she had resigned before any of the civil suits were filed against her.

## II. Analysis

### A. Statutory Construction

■ The resolution of this appeal depends upon the construction of several provisions of CALGA. As we have previously indicated, our goal in construing a statute is to give effect to the intent of the General Assembly. *Osborne v. Commonwealth,* 185 S.W.3d 645, 648 (Ky.2006). To determine legislative intent, we look first to the language of the statute, giving the words their plain and ordinary meaning. *Id.* at 648–49. The statute must be read as a whole and in context with other parts

of the law. *Lewis v. Jackson Energy Coop. Corp.,* 189 S.W.3d 87, 92 (Ky.2005).

■ Where a statute is unambiguous, we need not consider extrinsic evidence of legislative intent and public policy. *Id.* at 94. We presume, of course, that the General Assembly did not intend an absurd or manifestly unjust result. *Commonwealth v. Reynolds,* 136 S.W.3d 442, 445 (Ky. 2004).

■ As a matter of application, all statutes are to be liberally construed to promote the objects and carry out the intent of the General Assembly. KRS 446.080(1). Because the construction and application of a statute is a question of law, it is subject to de novo review. *Osborne,* 185 S.W.3d at 648.

### B. CALGA

■ Having set forth the rules for statutory construction, we now turn to the issue of whether Metro Government has a duty to defend Richardson against the civil actions. Richardson argues that the critical question is whether the civil claims arise out of acts or omissions occurring within the scope of employment. According to Richardson, her status as a former employee does not preclude Metro Government's duty to defend since the civil claims arose from her job as a police officer. We agree.

KRS 65.2005 states that:

(1) A local government shall provide for the defense of any employee by an attorney chosen by the local government in any action in tort arising out of an act or omission occurring within the scope of his employment of which it has been given notice pursuant to subsection (2) of this section. The local government shall pay any judgment based thereon or any compromise or settlement of the

action except as provided in subsection (3) of this section and except that a local government's responsibility under this section to indemnify an employee shall be subject to the limitations contained in KRS 65.2002.

(2) Upon receiving service of a summons and complaint in any action in tort brought against him, an employee shall, within ten (10) days of receipt of service, give written notice of such action in tort to the executive authority of the local government.

(3) A local government may refuse to pay a judgment or settlement in any action against an employee, or if a local government pays any claim or judgment against any employee pursuant to subsection (1) of this section, it may recover from such employee the amount of such payment and the costs to defend if:

(a) The employee acted or failed to act because of fraud, malice, or corruption;

(b) The action was outside the actual or apparent scope of his employment;

(c) The employee willfully failed or refused to assist the defense of the cause of action, including the failure to give notice to the executive authority of the local government pursuant to subsection (2) of this section;

(d) The employee compromised or settled the claim without the approval of the governing body of the local government; or

(e) The employee obtained private counsel without the consent of the local government, in which case, the local government may also refuse to pay any legal fees incurred by the employee.

As used in KRS 65.2005, unless the context otherwise requires, " 'Employee'

means any elected or appointed officer of a local government, or any paid or unpaid employee or agent of a local government, provided that no independent contractor nor employee nor agent of an independent contractor shall be deemed to be an employee of a local government." KRS 65.200(2).

KRS 65.2005 applies to "[e]very action in tort against any local government in this Commonwealth for death, personal injury or property damages proximately caused by ... [a]ny act or omission of any employee, while acting within the scope of his employment or duties". KRS 65.2001(1).

The key to this case is the timing of the acts or omissions which form the basis for the civil claims, not the filing dates of the lawsuits. Thus, the analysis should focus on whether Richardson was a police officer at the time of the alleged tortious acts. This interpretation is consistent with the plain meaning of KRS 65.2005(1), which mandates that "[a] local government *shall* provide for the defense of *any* employee ... in *any* action in tort *arising out of an act or omission occurring within the scope of his employment*". (Emphasis added). The statutory language clearly evidences the General Assembly's intent to provide a defense to employees—both current and former—in civil litigation, *so long as the claims arise from public duties.*[1]

The General Assembly set forth certain limitations on the duty to defend, and on the liability of local governments, when it enacted CALGA in 1988. Independent contractors and employees or agents of independent contractors are not considered public employees. KRS 65.200(2). Additionally, a local government is not obligated to defend employees who fail to

---

1. CALGA, as interpreted by this Court, does not violate Section 3 of the Kentucky Constitution because the duty to defend extends only to claims arising out of employment with local government.

provide timely notice of a civil action. KRS 65.2005(1)-(2). Further, a local government may refuse to pay a judgment or settlement and may recover legal defense costs in certain instances, such as if the employee acted outside the scope of his employment, or acted or failed to act due to fraud, malice, or corruption. KRS 65.2005(3). There is, however, no express exception for former employees sued in tort for acts or omissions occurring during their public employment, nor is there language requiring that such claims be filed prior to the end of employment. Thus, as evidenced by the explicit exclusion of some members, the General Assembly was fully capable of precluding former employees, had it so intended.

CALGA was enacted in part to shield public employees from the personal expense incurred in the defense of tort claims. *See* KRS 65.2001(2) (the intent of the act is to "continue in force" previously decided case law, "[e]xcept as otherwise specifically provided in KRS 65.2002 to 65.2006"); *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky.2003) ("the legislative intent was ... to specify what damages could be obtained against local governments that are subject to common law judgments and what obligation a local government has to provide a defense for and pay judgments rendered against its employees for the tortious performance of their ministerial duties"). The protections afforded by CALGA allow public employees to diligently and faithfully serve the Commonwealth without worrying about the financial burdens and other adverse consequences of civil litigation, which may stem from their civil service.

Interpreting CALGA in a manner that renders the duty to defend inapplicable to retired and deceased workers, and other former employees, would significantly diminish the value of its guarantees. The Court of Appeals' interpretation of KRS 65.2005 and KRS 65.200, excluding former employees from its protections, thus frustrates the intent and purpose of CALGA. If the Court of Appeals' decision were allowed to stand, there would be an incentive for local governments to terminate employees upon the mere possibility of civil litigation. Thus, those former employees would face potentially devastating economic consequences as a result of their public service. We find such a result unacceptable, and thus cannot infer that the legislature intended to frustrate its central purpose in enacting CALGA.

### III. Conclusion

Accordingly, we reverse the Court of Appeals and hold that KRS 65.2005(1) applies to both current and former employees sued in tort, so long as the claims arise from acts or omissions occurring within, and during, the scope of employment. The five civil actions, in the present instance, include claims against Richardson pertaining to her employment with the Louisville Metro Narcotics Unit as a police officer. An employer-employee relationship existed at all relevant times the tortious acts were alleged to have occurred. Thus, we conclude that Metro Government is obligated to provide Richardson a defense pursuant to CALGA.

LAMBERT, G.J.; ABRAMSON, CUNNINGHAM, MINTON, and NOBLE, JJ., concur.

SCHRODER, J., not sitting.