MAZE, JUDGE:
*158 Mary Clair Krietemeyer appeals from a summary judgment by the Hopkins Circuit Court dismissing her personal-injury claims against the City of Madisonville and the Madisonville Police Department (collectively, "the City"). Krietemeyer argues that her claim was not subject to the notice requirements of KRS [1] 411.110 because the stairs on which she fell were not part of a "public thoroughfare" within the meaning of the statute. While this is a matter of first impression, we conclude that the exterior stairs attached to the Police Department building were not a public thoroughfare, and therefore her claim was not subject to the statute's notice requirement. Hence, we reverse and remand for additional proceedings.
The facts of this case are not in dispute. On May 28, 2015, Krietemeyer went to the Madisonville Police Department to provide information to assist the police in a criminal investigation. After her interview, she left the building via an outside concrete stairway leading from the front door of the Police Department to the public parking lot. Krietemeyer fell on the stairway and sustained injuries as a result.
On May 17, 2016, Krietemeyer filed this action against the City, alleging that her fall was due to the defective condition of the steps and seeking damages for her injuries. After filing an answer to the complaint, the City moved for summary judgment, arguing that Krietemeyer's action was barred because she failed to give proper notice of her injury prior to bringing the action, as required by KRS 411.110. After considering the City's motion and Krietemeyer's response, the trial court granted the motion for summary judgment and dismissed the action. Krietemeyer now appeals.
The sole issue on appeal concerns the interpretation of the notice requirements set out in KRS 411.110. To determine legislative intent, we look first to the language of the statute, giving the words their plain and ordinary meaning. Osborne v. Commonwealth , 185 S.W.3d 645, 648-49 (Ky. 2006) (quoting Gateway Construction Co. v. Wallbaum , 356 S.W.2d 247, 249 (Ky. 1962) ). But where a statute is unambiguous, extrinsic evidence of legislative intent and public policy is not admissible. Lewis v. Jackson Energy Co-op. Corp. , 189 S.W.3d 87, 94 (Ky. 2005). Because the construction and application of a statute is a question of law, it is subject to de novo review. Richardson v. Louisville/Jefferson Cty. Metro Gov't , 260 S.W.3d 777, 779 (Ky. 2008) (citing Osborne , 185 S.W.3d at 648 ).
KRS 411.110 sets out the following notice requirement for an action against a city arising from an injury caused by the condition of a "public thoroughfare."
No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety (90) days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city.
The question in this case is whether exterior stairs which access a City-owned *159 building are a "public thoroughfare" within the meaning of the statute. Krietemeyer takes the position that the notice requirement was not applicable to her claim because the stairs leading to the Police Department were not a "public thoroughfare" as contemplated by the statute. Where general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose. Mills v. City of Barbourville , 273 Ky. 490, 117 S.W.2d 187, 188 (1938).
Thus, Krietemeyer maintains that the term "thoroughfare" should be construed in light of the other terms used; bridges, streets, sidewalks and alleys. Specifically, Krietemeyer argues that the term "thoroughfare," refers only to open-ended public passages, in the same sense as the other terms used. The stairs in this case terminate at the entrance to the Police Department and there is no through access from that point to the other side of the building. Krietemeyer also points to a conspicuous "No Soliciting" sign at the top of the stairs, which limits public access to the building. Since access to the building is restricted to certain members of the public, she contends that the stairs cannot be considered as a "public thoroughfare" for purposes of KRS 411.110.
In contrast, the City points out that Kentucky case law tends to give a broad interpretation of the statute, at least with regard to what constitutes a "defect" in a street or public thoroughfare. Therefore, the word "defect" is to be construed to mean any defect, whether overhead or underfoot, which it is the duty of the city to correct to render the street or thoroughfare in a reasonably safe condition for travel by the public. Galloway v. City of Winchester , 299 Ky. 87, 92, 184 S.W.2d 890, 893 (1944). Thus, an injury caused by a tree branch overhanging a public sidewalk is subject to the notice requirement. Id.
Similarly, the public thoroughfare includes a defect in a sidewalk adjacent to the entrance of a retail store, Reibel v. Woolworth , 301 Ky. 76, 190 S.W.2d 866 (1945), as well as a defect in a sidewalk at the base of stairs to private building. Broaddus v. Cox , 300 Ky. 501, 504, 189 S.W.2d 726, 727-28 (1945). Likewise, a defective cover on a water meter box located within the sidewalk, a defective manhole cover within the street, and landscape edging along the sidewalk each have been held as part of the "public thoroughfare" for purposes of the notice requirement. See , respectively, Hancock v. City of Anchorage , 299 S.W.2d 794, 796 (Ky. 1957), City of Dawson Springs v. Reddish , 344 S.W.2d 826, 828 (Ky. 1961), and Sylvester v. Oak St. Hardware Store, Inc. , No. 2002-CA-000432-MR, 2003 WL 22416712, at *2 (Ky. App. Oct. 24, 2003). Given the broad interpretation of the term "defect," the City argues that the term "thoroughfare" should not be unnecessarily limited to include only open-ended public passages.
The City also points to Williams v. City of Kansas City, Missouri , 782 S.W.2d 64 (Mo. 1990), in which the Missouri Supreme Court interpreted that state's similar notice statute, Mo. Rev. Stat.[2] § 82.210.[3] In *160 Williams , the plaintiff fell on steps leading from the terminal to a parking facility at a city-owned airport. The Missouri Court noted that the term "thoroughfare" is commonly defined as "a way or place through which there is a passing ... an unobstructed way open to the public." Id. at 65. (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY , at 2380 (1976) ). The Court concluded that, since the steps were part of the sidewalk, they were likewise part of the thoroughfare for purposes of the notice statute. Id. at 65-66.
However, the additional reasoning by the Supreme Court of Missouri is more instructive to our inquiry in the current case. The Missouri Court noted that the common law permitted recovery against a municipality for negligence in carrying out its proprietary duties, including maintenance of streets and sidewalks. Id. at 65. Missouri's notice statute, like Kentucky's, grants immunity to municipalities for such liabilities unless certain conditions precedent are met.
The list of defective property for which the Section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their proprietary nature. The statutory list, then, is the product of the legislature's desire to limit the liability of municipalities in the face of the general liability imposed upon a municipality by the common law.
Id.
Although the Missouri statute did not specifically include "steps" in its list of defective property, the Supreme Court of Missouri determined that steps that were built as part of the sidewalk were necessarily included. "Steps do no more than permit the sidewalk of which they are a part to adjust to changes in topography efficiently within a limited space." Id. Since the steps were a part of the sidewalk, the Missouri Court determined that they were a "publicly maintained exterior improvements designed to facilitate travel" within the meaning of the notice statute. Id.
Although this particular question regarding KRS 411.110 is a matter of first impression, we find that Missouri's interpretation of its notice requirement is applicable to our statute. Kentucky, like Missouri, does not extend governmental immunity to municipalities, although Kentucky does not distinguish between proprietary and governmental functions. See Haney v. City of Lexington , 386 S.W.2d 738, 742 (Ky. 1964). But like Missouri's statute, KRS 411.110 serves:
to give the city an opportunity to investigate the scene of an accident and correct any defective condition, if such exists, to enable the city to investigate and evaluate the case so that if liability exists it might have an opportunity to settle it without long and expensive litigation, and to give the city an opportunity to protect its funds against unjust and illegal claims.
Denton v. City of Florence , 301 S.W.3d 23, 25 (Ky. 2009) (quoting City of Louisville v. O'Neill , 440 S.W.2d 265, 266 (Ky. 1969) ).
KRS 411.110 imposes a notice requirement on certain identified public thoroughfares *161 as a condition precedent to bringing a tort claim against a municipality. Treitz v. City of Louisville , 292 Ky. 654, 167 S.W.2d 860, 862 (1943). Beyond that identified class, the statute does not apply, and no notice is required. We conclude that the steps at issue in the current case were not a public thoroughfare within the meaning of KRS 411.110.
As used in KRS 411.110, the term "thoroughfare" is intended merely to summarize the category of properties that includes bridges, streets, sidewalks, and alleys. Broadly speaking, the steps in the current case could be viewed as a "publicly maintained exterior improvements designed to facilitate travel. ..." Williams , 782 S.W.2d at 65. But in context, the term "public thoroughfare" includes only those exterior improvements that are similar to the named items.
In this case, the record is clear that the stairs do not merely provide a means of access to the Police Department building. The exterior stairs are physically part of that structure. To this extent, they are not a public thoroughfare in the same way as are bridges, streets, sidewalks, or alleys.
To be clear, our holding is limited to the particular facts of this case. This Court's function is to draw a line where the statute clearly requires notice prior to bringing an action, and where it clearly does not. If Krietemeyer's injury had occurred in an interior hallway or stairwell inside the building, then no notice would be required. If Krietemeyer's injury had occurred on the sidewalk in front of the building, then notice would be required. Because the stairs were physically part of the building, we conclude that they are more similar to the former situation than the latter.[4] We are not at liberty to extend the statute beyond its clearly delineated terms.
Consequently, Krietemeyer's claim was not subject to the statute's notice requirement. Therefore, her failure to give notice to the City did not bar her claim. As a result, the trial court erred in granting the City's motion for summary judgment.
Accordingly, we reverse the summary judgment of the Hopkins Circuit Court, and remand for further proceedings on the merits of Krietemeyer's claim.
ALL CONCUR.

Kentucky Revised Statutes.

Missouri Revised Statutes.

Mo. Rev. Stat. § 82.210, contains similar notice requirements and language to KRS 411.110, and provides as follows:
No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

In interpreting Williams , the Missouri courts have held that a municipal parking lot is not a thoroughfare simply because it connects to a public street. Walls v. City of Overland , 865 S.W.2d 839, 841 (Mo. App. 1993). That issue is not before us, and we decline to say whether the same reasoning would apply to KRS 411.110.