RENDERED: JUNE 4, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0843-MR

RICHARD JONES AND LASHUNDA JONES          APPELLANTS

v.        APPEAL FROM MCCRACKEN CIRCUIT COURT
HONORABLE TIMOTHY KALTENBACH, JUDGE
ACTION NO. 19-CI-00130

CITY OF PADUCAH, MCCRACKEN COUNTY,
KENTUCKY; AND RICK MURPHY, CITY OF
PADUCAH ENGINEER, PADUCAH, MCCRACKEN
COUNTY, KENTUCKY          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Richard and Lashunda Jones appeal from a

memorandum and order granting summary judgment in favor of the City of

Paducah, McCracken County, Kentucky and Rick Murphy. The Joneses argue that

the McCracken Circuit Court erred in concluding that Richard Jones ("Appellant")

improperly failed to provide the City of Paducah, McCracken County, Kentucky ("Appellee") with notice of his injury pursuant to Kentucky Revised Statutes ("KRS") 411.110. For the reasons addressed below, we affirm the order granting summary judgment.

## FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. On September 1, 2018, Appellant was using a string trimmer in a residential front yard located at 1138 N. 14th Street in Paducah, Kentucky. As Appellant was using the string trimmer on a grassy area located between the sidewalk and the street, he stepped onto the round, metal cover of a storm water overflow basin. The basin is situated in the grassy area next to the street and is attached to and receives storm water runoff from the 14th Street curb. When Appellant stepped on the cover, it flipped up allowing his right leg to fall into the basin. As Appellant's right leg entered the basin, he twisted his left knee allegedly causing injury.

Three days later, Appellant telephoned Appellee to notify it of the loose basin cover. The following day, Appellee dispatched a maintenance vehicle to remove debris from the basin. Within about three weeks, Appellee had performed maintenance on the cover and basin, including pouring new concrete around the casting surrounding the cover.

Appellant filed a complaint in McCracken Circuit Court on February 12, 2019, and a first amended complaint on February 22, 2019, alleging in relevant part that Appellee breached a duty of care in failing to maintain the basin in a safe condition proximately resulting in his injury. On February 28, 2019, Appellee filed a motion to dismiss the action. In support the motion, Appellee argued that Appellant improperly failed to provide written notice to Appellee of the incident as required by KRS 411.110. This statute requires written notice to the city within 90 days of any injury sustained from a defect in the condition of any "bridge, street, sidewalk, alley or other public thoroughfare[.]" The notice is a condition precedent to the filing of an action to recover damages. Appellant responded that his injury did not occur on a bridge, street, sidewalk, alley or other public thoroughfare, and thus no statutory notice was required.

The matter proceeded in McCracken Circuit Court, culminating in a memorandum and order granting summary judgment in favor of Appellee entered on June 26, 2020. Citing *Krietemeyer v. City of Madisonville*, 576 S.W.3d 157, 159 (Ky. App. 2018), the circuit court concluded that because the basin was adjacent to the street, attached to the curb, and served to make the street safe by removing storm water, the basin and cover were part of the street for purposes of KRS 411.110. The court determined that Appellant's failure to notify Appellee of

the incident in conformity with KRS 411.110 was fatal to Appellant's claim. This appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the McCracken Circuit Court committed reversible error in granting summary judgment in favor of Appellee. Specifically, Appellant maintains that because he was injured by a basin cover in a residential front yard and not by a defect to a bridge, street, sidewalk, alley or other public thoroughfare, KRS 411.110 is not implicated and the circuit court erred in failing to so conclude. Appellant notes that the basin cover is situated in the grassy area between the sidewalk and the street, asserting it cannot reasonably be construed as being part of the street. He asserts that no Kentucky court has ever given such an expansive view to what constitutes a street or thoroughfare for purposes of KRS 411.110. While acknowledging that Kentucky cases have found hazards in the street, on the street, and above the street to trigger the notice requirement of KRS 411.110, Appellant asserts that no Kentucky case has ever found that a hazard next to the street – like the basin cover – triggers the notice requirement.

Appellant also directs our attention to the Missouri case of *Williams v. City of Kansas City*, 782 S.W.2d 64 (Mo. 1990), which was cited with approval in *Krietemeyer*. In *Williams*, the Missouri Supreme Court considered a notice statute similar to KRS 411.110. The court found that the statute required a notice as to

-4-

claims including "publicly maintained exterior improvements designed to facilitate travel[.]" *Williams*, 782 S.W.2d at 65. Appellant argues that no person of ordinary judgment could conclude that the drain cover at issue, which was located in a residential front yard and not in or on the street, is a publicly maintained exterior improvement designed to facilitate travel. In sum, Appellant seeks an opinion and order reversing the summary judgment on appeal.

KRS 411.110 states that

> No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety (90) days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city.

Appellant has acknowledged that he did not give notice to Appellee in conformity with KRS 411.110. The sole question for our consideration, then, is whether the drain cover constitutes a "defect in the condition of any . . . street . . . or other public thoroughfare . . . ." *Id.* As the construction and application of KRS 411.110 is a question of law, it is subject to *de novo* review. *Richardson v. Louisville/Jefferson County Metro Government*, 260 S.W.3d 777, 779 (Ky. 2008) (citation omitted). In construing a statute, the goal of the appellate tribunal is to

-5-

determine the intent of the General Assembly. *Id.* In order to determine legislative intent, we must give the statutory language its plain and ordinary meaning. *Id.* Where the statute is unambiguous, we may not look to extrinsic evidence of legislative intent. *Id.*

While the words "street" and "sidewalk" in the context of KRS 411.110 would at first blush appear to be subject to but one interpretation, the case law has shown the application of this language to be somewhat nuanced. For example, claims arising from water meter covers in the street and sidewalk, as well as landscaping within the boundaries of a sidewalk, have each been found sufficient to trigger the notice provisions of KRS 411.110. *See City of Dawson Springs v. Reddish*, 344 S.W.2d 826 (Ky. 1961); *Hancock v City of Anchorage*, 299 S.W.2d 794 (Ky. 1957); and *Sylvester v. Oak Street Hardware Store Inc*., No. 2002-CA-0432-MR, 2003 WL 22416712 (Ky. App. Oct. 24, 2003). Conversely, a water meter cover in the grass between the street and sidewalk, though not physically connected to either, and the steps between a sidewalk and a police department building, did not implicate KRS 411.110. *See City of Elizabethtown v Baker*, 373 S.W.2d 593 (Ky. 1963), and *Krietemeyer*, *supra*. The application of KRS 411.110 is fact-specific.

It is uncontroverted that the storm water basin in question is physically connected to the street curb with a drainage opening in the curb.

-6-

Further, one may reasonably conclude that the drain's purpose, in whole or in part, is to remove storm water from the street surface thus rendering it safe for the travelling public. The alleged defect in the basin cover, if any, is of the type envisioned by *Krietemeyer*, "which it is the duty of the city to correct to render the street or thoroughfare in a reasonably safe condition for travel by the public." *Krietemeyer*, 576 S.W.3d at 159 (citation omitted).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure (CR) 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact

and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## CONCLUSION

When viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, we conclude that that the circuit court correctly found that there were no genuine issues as to any material fact and that Appellee was entitled to judgment as a matter of law. The drainage basin at issue, including its cover, is physically connected to the curb and serves the purpose of keeping the street in a reasonably safe condition for travel by the public. As such, and in accordance with *Krietemeyer* and the related case law, the basin is part of the street and is subject to the notice provision of KRS 411.110. The McCracken Circuit Court properly so concluded, and we find no error. Accordingly, we affirm the order of the McCracken Circuit Court granting summary judgment.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANTS:

Brian S. Katz
Paducah, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES:

William E. Pinkston
Paducah, Kentucky