RENDERED: MARCH 11, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0028-MR

WILMA STEPP AND KENNETH
STEPP                                                                                  APPELLANTS


v.                      APPEAL FROM PIKE CIRCUIT COURT
                        HONORABLE EDDY COLEMAN, JUDGE
                        ACTION NO. 18-CI-01263


CITY OF PIKEVILLE AND UTILITY
MANAGEMENT GROUP, LLC                                                  APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Wilma and Kenneth Stepp appeal from the Pike Circuit

Court's order granting summary judgment to the City of Pikeville in the Stepps'

claim for personal injury (Wilma) and loss of consortium (Kenneth). After careful

review of the record and applicable statutory and case law, we affirm.

The incident leading to this litigation occurred on May 21, 2018, when the Stepp family (Wilma, Kenneth, and their son Carson) traveled to Pikeville for the Hillbilly Days festival and parade. At the time, Kenneth was a candidate for Congress, and the family's intent was for Kenneth to make a stump speech and then participate in the parade, with Wilma there to photograph her husband and gauge the effect on the crowd. At some point prior to the parade, Wilma suffered a fall when her foot caught in some sod in a recently landscaped, bermed area between two city streets. Her resulting injuries included a fractured tibia and a compression fracture to a vertebra (L2) in her lower spine.

On October 30, 2018, Wilma and Kenneth Stepp filed their complaint in Pike Circuit Court against the City of Pikeville and Utility Management Group, LLC (the company responsible for maintenance of the landscaped area). The Stepps sought compensatory and consequential damages for Wilma's injuries and Kenneth's loss of consortium. Answers were filed by each defendant, and discovery commenced.

In April 2020, the City filed a motion for summary judgment, arguing that the Stepps had failed to provide written notice within 90 days to the City of any defective condition of City property allegedly causing Wilma's injury, citing Kentucky Revised Statute (KRS) 411.110. In their response to the City's motion,

the Stepps did not contest the failure but instead maintained that the landscaped area did not fit the statute's definition of included public property.

The circuit court granted the City's motion by order entered November 18, 2020, finding that the landscaped area met the statutory definition of a public thoroughfare. Five weeks later, the circuit court denied the Stepps' motion to alter, amend, or vacate the decision to grant summary judgment. The Stepps filed a timely notice of appeal, seeking reversal of the summary judgment and requesting that this Court remand the matter for a trial by jury.[1]

We begin by stating our standard of review of an order granting a motion for summary judgment:

> Summary judgment is a device utilized by the courts to expedite litigation. *Ross v. Powell*, 206 S.W.3d 327, 330 (Ky. 2006). It is deemed to be a "delicate matter" because it "takes the case away from the trier of fact before the evidence is actually heard." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). In Kentucky, the movant must prove no genuine issue of material fact exists, and he "should not succeed unless his right to judgment is shown with such clarity that there is no room left for controversy." *Id.* The trial court must view the evidence in favor of the non-moving party. *City of Florence v. Chipman*, 38 S.W.3d 387, 390 (Ky. 2001). The non-moving party must present "at least some affirmative evidence showing

---

[1] Summary judgment was granted only to the City of Pikeville, and it contains the required finality language. Kentucky Rule of Civil Procedure 54.02. The record does not indicate any attempt by Utility Management Group, LLC, to join in the motion; the record is also silent at the appellate level regarding that appellee's status other than as a named party according to the notice of appeal. Accordingly, this decision only determines the propriety of the summary judgment order in favor of the City of Pikeville.

the existence of a genuine issue of material fact[.]" *Id.*
On appeal, our standard of review is "whether the trial
court correctly found that there were no genuine issues as
to any material fact and that the moving party was
entitled to judgment as a matter of law." *Scifres v. Kraft*,
916 S.W.2d 779, 781 (Ky. App. 1996). Furthermore,
because summary judgments do not involve fact-finding,
our review is *de novo. Pinkston v. Audubon Area
Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky.
App. 2006).

*Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. App.

2013). *See also Western Surety Company v. City of Nicholasville*, 552 S.W.3d

101, 108 (Ky. App. 2018).

The statute at issue states thus:

No action shall be maintained against any city in this
state because of any injury growing out of any defect in
the condition of any bridge, street, sidewalk, alley or
other public thoroughfare, unless notice has been given to
the mayor, city clerk or clerk of the board of aldermen in
the manner provided for the service of notice in actions
in the Rules of Civil Procedure. This notice shall be filed
within ninety (90) days of the occurrence for which
damage is claimed, stating the time of and place where
the injury was received and the character and
circumstances of the injury, and that the person injured
will claim damages therefor from the city.

KRS 411.110.

And finally: "As a matter of application, all statutes are to be liberally

construed to promote the objects and carry out the intent of the General Assembly.

KRS 446.080(1). Because the construction and application of a statute is a

question of law, it is subject to de novo review. *Osborne* [*v. Commonwealth*], 185

S.W.3d [645,] 648 [(Ky. 2006)]." *Richardson v. Louisville/Jefferson County*

*Metro Government*, 260 S.W.3d 777, 779 (Ky. 2008).

> As we explained in *City of Louisville v. O'Neill*, the purposes of KRS 411.110 are:
>
>> to give the city an opportunity to investigate the scene of an accident and correct any defective condition, if such exists, to enable the city to investigate and evaluate the case so that if liability exists it might have an opportunity to settle it without long and expensive litigation, and to give the city an opportunity to protect its funds against unjust and illegal claims.
>
> 440 S.W.2d 265, 266 (Ky. 1969).

*Denton v. City of Florence*, 301 S.W.3d 23, 25 (Ky. 2009).

The Stepps argue that summary judgment was improper because the

area where Wilma fell was not a "public thoroughfare" as contemplated by the

statute. They cite to *Krietemeyer v. City of Madisonville*, 576 S.W.3d 157 (Ky.

App. 2018), which held that, "in context, the term 'public thoroughfare' includes

only those exterior improvements that are similar to the named items [in the

statute]." *Id.* at 161. The Stepps liken their situation to that in *Krietemeyer*

because the landscaped area likewise did not fit the definition of "public

thoroughfare" and, therefore, no notice was required to the City.

-5-

But the *Krietemeyer* Court went on to say, "In this case, the record is clear that the stairs do not merely provide a means of access to the Police Department building. The exterior stairs are physically part of that structure. To this extent, they are not a public thoroughfare in the same way as are bridges, streets, sidewalks, or alleys." *Id.* And it limited its holding to the particular facts of the case, stating:

> This Court's function is to draw a line where the statute clearly requires notice prior to bringing an action, and where it clearly does not. If Krietemeyer's injury had occurred in an interior hallway or stairwell inside the building, then no notice would be required. If Krietemeyer's injury had occurred on the sidewalk in front of the building, then notice would be required. **Because the stairs were physically part of the building, we conclude that they are more similar to the former situation than the latter.**

*Id.* (emphasis added). Here the entire area in controversy was exterior public land not physically part of any building.

When viewing the record in a light most favorable to the Stepps and resolving all doubts in their favor, we conclude that the circuit court correctly found that there were no genuine issues as to any material fact and that the City of Pikeville was entitled to judgment as a matter of law. *Keaton*, 436 S.W.3d at 542. The landscaped area is physically connected to the two parallel streets and is not connected to any interior structure. As such, and in accordance with *Krietemeyer* and related case law, the allegedly defective area is part of both streets and is

-6-

subject to the notice provision of KRS 411.110. The Pike Circuit Court properly so concluded, and we find no error.

Accordingly, we affirm the order of the Pike Circuit Court granting summary judgment.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Jonah L. Stevens
Pikeville, Kentucky

BRIEF FOR APPELLEE CITY OF PIKEVILLE:

Russell H. Davis, Jr.
Pikeville, Kentucky