RENDERED: MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0099-MR

WILLIE SETTLE                                        APPELLANT

               APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
                  ACTION NO. 20-CI-005507

JIMMY FRANCONIA AND
UNKNOWN DEFENDANTS                           APPELLEES

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Willie Settle appeals from the Jefferson Circuit Court's

order granting Jimmy Franconia's motion to dismiss Settle's claim for personal

injury. After careful review of the record and applicable statutory and case law,

we affirm.

        The incident leading to this litigation occurred on June 19, 2020,

when Settle tripped and fell on a sidewalk in Jeffersontown, Kentucky (the City),

and injured her leg and shoulder. On September 22, 2020, Settle filed suit against Franconia (Jeffersontown's Director of Public Works) and other unknown defendants alleging that the cause of her fall was a defect in the sidewalk. Settle claimed that Franconia's failure to inspect for tripping hazards, failure to exercise care to repair and remedy known defects, and failure to warn led to her injuries, for which she was required to undergo surgery and incur multiple expenses. The unknown defendants, she claimed, were "persons, corporations or unincorporated associations who also had responsibility for maintenance and upkeep of sidewalks in the City of Jeffersontown, Kentucky on June 19, 2020."[1]

In October 2020, Franconia filed a motion to dismiss, arguing that Settle had failed to provide written notice within 90 days to the City of any defective condition of City property allegedly causing Settle's injury, citing Kentucky Revised Statute (KRS) 411.110. In her response to the City's motion, Settle did not contest the failure but instead maintained that, by suing Franconia in his individual capacity, she was not bound by the statute's 90-day notice provision.

The parties briefed the issue, and the circuit court granted Franconia's motion by order entered October 6, 2021, finding that Settle's claim was only

---

[1] There was no response from any unknown defendants to the certified letter sent by the appointed warning order attorney on October 2, 2020. The circuit court's orders only speak to Franconia's motion to dismiss and do not include the unknown defendants; we mention this only because Settle named the unknown defendants as appellees. Our Opinion, however, solely addresses the dismissal against Franconia.

brought against Franconia in his official capacity. Settle filed a motion to alter, amend, or vacate the decision to order dismissal; she also requested leave to amend the complaint and tendered such a document. An order denying relief was entered on December 29, 2021, and Settle filed a timely notice of appeal, seeking reversal of the order dismissing and requesting that this Court reverse and remand the matter for a trial by jury.

We begin by enunciating our standard of review. A motion to dismiss may only be granted where "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Mitchell v. Coldstream Laboratories, Inc.*, 337 S.W.3d 642, 644 (Ky. App. 2010) (citation omitted). Because "a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnote and citation omitted).

KRS 411.110 states, in its entirety:

> No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, **unless notice has been given** to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. **This notice shall be filed within ninety (90) days of the occurrence**

**for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city.**

(Emphases ours.)

> As we explained in *City of Louisville v. O'Neill*, the purposes of KRS 411.110 are:
>
>> to give the city an opportunity to investigate the scene of an accident and correct any defective condition, if such exists, to enable the city to investigate and evaluate the case so that if liability exists it might have an opportunity to settle it without long and expensive litigation, and to give the city an opportunity to protect its funds against unjust and illegal claims.
>
> 440 S.W.2d 265, 266 (Ky. 1969).

*Denton v. City of Florence*, 301 S.W.3d 23, 25 (Ky. 2009).

Settle concedes that no such notice was given to the City. Instead, she insists that it was not a necessary element of her claim against Franconia, who she continues to assert is liable for her injuries in his individual capacity. Yet at all times, in the pleadings before the circuit court, Franconia was listed as "acting within the course and scope of his employment as the Director of Public Works for the City of Jeffersontown, Kentucky." Her proffered amended complaint simply drops Franconia's title but is otherwise consistent with the original complaint. In other words, Settle's allegations remain the same: Franconia was acting in his

-4-

official capacity as a City employee. As the circuit court stated in its order dismissing, "the only duty which [Franconia] has been alleged to have breached is that imposed upon him as a public official."

"This Court's function is to draw a line where the statute clearly requires notice prior to bringing an action, and where it clearly does not." *Krietemeyer v. City of Madisonville*, 576 S.W.3d 157, 161 (Ky. App. 2018). We can discern no claim against Franconia in anything other than his official capacity as Director of Public Works. Settle was subject to the notice provisions of KRS 411.110. The Jefferson Circuit Court properly so concluded, and we find no error. *Stepp v. City of Pikeville*, 642 S.W.3d 741, 744 (Ky. App. 2022).

The orders of the Jefferson Circuit Court are affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE JIMMY FRANCONIA: |
|---|---|
| Mat A. Slechter<br>Louisville, Kentucky | Patricia C. Le Meur<br>Sean Ragland<br>Matthew A. Piekarski<br>Louisville, Kentucky |