RENDERED:  MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0453-MR

WILLIAM JEFFREY JACKSON                            APPELLANT


v.
                 APPEAL FROM JEFFERSON CIRCUIT COURT
                 HONORABLE PATRICIA MORRIS, JUDGE
                 ACTION NO. 23-CI-004284


BAPTIST HEALTHCARE SYSTEM,
INC., D/B/A BAPTIST HEALTH
LOUISVILLE AND WAYNE G.
VILLANUEVA M.D.                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND ECKERLE, JUDGES.

ACREE, JUDGE:  This is a medical malpractice action.  William Jackson, who represented himself *pro se* below, appeals the Jefferson Circuit Court's order granting the appellees' motion for judgment on the pleadings and dismissing the action with prejudice.  (Record (R.) 425.)

The circuit court dismissed Jackson's suit pursuant to KRS[1] 411.167, which requires a claimant in certain types of actions, including medical malpractice actions such as Jackson's, to file a "certificate of merit" which the statute defines. After the denial of Jackson's CR[2] 59.05 motion to alter, amend, or vacate, this appeal followed.

We review a grant of judgment on the pleadings *de novo*. *Hughes v. UPS Supply Chain Sols., Inc.*, 677 S.W.3d 273, 278 (Ky. 2023).

In briefing this court, Jackson admits he did not file a certificate of merit with his complaint as generally required by KRS 411.167. But Jackson argues his action is premised on *res ipsa loquitur* and a lack of informed consent, and therefore the exception provision of KRS 411.167 applies. That provision reads as follows:

> A certificate of merit is not required where the claimant intends to rely solely on one (1) or more causes of action for which expert testimony is not required, including claims of *res ipsa loquitur* and lack of informed consent, in which case the complaint shall be accompanied by an affidavit or declaration that no cause of action is asserted for which expert testimony is required.

KRS 411.167(4). Problematically, Jackson admits he also failed to comply with that provision's requirement for invoking the exception: "Jackson, admittedly, did

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

not file his declaration at the time he filed his complaint. However, he did belatedly, assert same. [TR 548]." (Appellant's Br. 9.)[3]

Jackson admits he did not comply with the statute's general requirement in pursuing this action, and he admits he failed to properly invoke the exception on which he relies. But he contends his admitted failure to properly invoke the exception should be excused because he must be afforded "appropriate deference" as a *pro se* litigant. (Appellant's Br. 9.) Jackson directs us to *Smith v. Bear, Inc.*, 419 S.W.3d 49 (Ky. App. 2013), for that proposition.

Nothing we said in *Smith* excuses Jackson's noncompliance with a clear statutory requirement. To the contrary:

> Though a degree of lenity is afforded *pro se* litigants and they are not strictly held to the same standard as legal counsel, *the judiciary's conciliatory attitude is not boundless.* The right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the litigant exercising the right, and one who undertakes self-representation assumes the dangers and disadvantages thereof. *Proceeding* pro se *does not provide one with a license not to comply with relevant rules of procedural and substantive law.* Thus, one who is ignorant and inexperienced regarding what is required by the substantive law and rules of procedure may unintentionally prove the veracity of the oft-quoted maxim, "a man who represents himself has a fool for a client and a fool for a lawyer."

---

[3] Jackson directs us to R. 548 for his belated declaration, but the record on appeal extends only to R. 504.

-3-

*Id.* at 55 (cleaned up) (emphasis added).

When we engage in statutory construction, our aim "is to give effect to the intent of the General Assembly." *Richardson v. Louisville/Jefferson Cnty. Metro Gov't*, 260 S.W.3d 777, 779 (Ky. 2008); KRS 446.080(1). To achieve this, "we look first to the language of the statute, giving the words their plain and ordinary meaning. The statute must be read as a whole and in context with other parts of the law. Where a statute is unambiguous, we need not consider extrinsic evidence of legislative intent and public policy." *Richardson*, 260 S.W.3d at 779.

The General Assembly stated, plainly and unambiguously, that to invoke the exception in KRS 411.167(4) for "claims of *res ipsa loquitur* and lack of informed consent," which Jackson asserts, "the complaint shall be accompanied by an affidavit or declaration that no cause of action is asserted for which expert testimony is required." The statute requires the declaration to be filed with the complaint, and when the General Assembly speaks, and speaks clearly, "this Court must always assume that the General Assembly means what it says[.]" *Exantus v. Commonwealth*, 612 S.W.3d 871, 886 (Ky. 2020).[4]

---

[4] We previously characterized these requirements as "clear" in *Evans v. Baptist Health Madisonville*, 643 S.W.3d 105 (Ky. App. 2022). In *Evans*, we affirmed the circuit court's dismissal of an action for noncompliance with KRS 411.167, including noncompliance with KRS 411.167(4)'s requirement for invoking the exception at issue in the matter *sub judice*. But we noted "that Evans did not seek to amend her complaint to attach the certificate or affidavit. Therefore, we are compelled to conclude that her failure to comply with the clear requirements of KRS 411.167 warranted the trial court's decision to dismiss the action *without prejudice*." *Evans*,

Without question, this Court "may not interpret a statute at variance with its stated language." *Commonwealth, Dep't of Revenue, Fin. and Admin. Cabinet v. McDonald*, 304 S.W.3d 62, 65 (Ky. App. 2009) (internal quotation marks and citation omitted). Therefore, granting Jackson the concession he seeks is beyond our authority. He was self-representing while untrained in the law and thereby "assume[d] the dangers and disadvantages thereof . . . ." *Bear*, 419 S.W.3d at 55.

Based on the foregoing, the Jefferson Circuit Court's February 24, 2024, Order granting the appellees' motion for judgment on the pleadings and dismissing the action with prejudice is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert Frederick Smith
Prospect, Kentucky

BRIEF FOR APPELLEE:

Clay M. Stevens
Rachel S. McLaughlin
Louisville, Kentucky

---

643 S.W.3d at 109 (emphasis in original). In the matter *sub judice*, the circuit court dismissed Jackson's action *with prejudice*. But Jackson presents no argument that this was error.